## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ARGELIA SOLITO,<br><br>　　Plaintiff,<br><br>v.<br><br>SAM'S EAST, INC., JOHN DOE 1-2, ABC CORP., and XYZ CORP.,<br><br>　　Defendants. | CIVIL ACTION<br>FILE NO. 1:23-cv-03438-MLB |

### **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

The Parties, by and through their undersigned counsel, file their Joint Preliminary Report and Discovery Plan as follows:

**1.　Description of Case:**

　　**(a)　Describe briefly the nature of this action:**

This civil action is brought under Georgia Law by Plaintiff Argelia Solito arising out of an incident that occurred at the Sam's Club located at 1940 Mountain Ind. Blvd., Tucker, GA 30084. Plaintiff asserts claims of premises liability, negligent maintenance, respondeat superior, and negligent training and supervision, and negligence per se against Defendant.

**(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence:**

On August 5, 2021, Plaintiff was shopping at the Tucker, Georgia Sam's Club store. Plaintiff was walking in the bakery section of the store when she slipped and fell. Plaintiff alleges she incurred bodily injuries and damages as a result of this accident.

**(c)   The legal issues to be tried are as follows:**

1. Liability and Comparative Fault

2. Causation

3. Damages

**(d)   The cases listed below (include both style and action number) are:**

**(1)   Pending Related Cases:** None

**(2)   Previously Adjudicated Related Cases:** None

**2.   This case is complex because it possesses one (1) or more of the feature listed below (please check):**

\_\_\_\_\_ (1)   Unusually large number of parties
\_\_\_\_\_ (2)   Unusually large number of claims or defenses
\_\_\_\_\_ (3)   Factual issues are exceptionally complex
\_\_\_\_\_ (4)   Greater than normal volume of evidence
__X__ (5)   Extended discovery period is needed
\_\_\_\_\_ (6)   Problems locating or preserving evidence
\_\_\_\_\_ (7)   Pending parallel investigations or action by government
\_\_\_\_\_ (8)   Multiple use of experts
\_\_\_\_\_ (9)   Need for discovery outside United States boundaries
\_\_\_\_\_ (10)  Existence of highly technical issues and proof

      \_\_\_\_\_ (11)  Unusually complex discovery of electronically stored information

3. **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

| | |
|---|---|
| **Plaintiff:** | **Hung Q. Nguyen** <br> HQ Alex Nguyen Law Firm, LLC <br> 5495 Jimmy Carter Boulevard, Suite B-17 <br> Norcross, Georgia 30093 <br> Telephone: (770) 409-1529 <br> Facsimile: (770) 409-1526 <br> E-mail: Alex@770goodlaw.com |
| **Defendants:** | **Michael L. Miller** <br> Drew Eckl & Farnham, LLP <br> 303 Peachtree St. NE, Suite 3500 <br> Atlanta, Georgia 30308 <br> Telephone: (404) 885-1400 <br> Facsimile: (404) 876-0992 <br> E-mail: millerm@deflaw.com |

4. **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

    \_\_\_\_Yes    \_X\_\_No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

**(a)     The following persons are necessary parties who have not been joined:**

The parties have no knowledge as of the date hereof regarding any necessary persons who have not been joined as parties in this action.

**(b)     The following persons are improperly joined as parties:**

The parties do not contend as of the date hereof that any person/party is improperly joined in this action.

**(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

The parties do not contend as of the date hereof that any person/party is inaccurately named in this action.

**(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:**

The parties do not anticipate as of the date hereof that any amendments to the pleadings will be necessary.

**(b)  Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1 A(2).

**(a)**  *Motions to Compel*: **before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)**  *Summary Judgment Motions*: **within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)**  *Other Limited Motions*: **Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)**  *Motions Objecting to Expert Testimony*: **Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.   Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

No objection.

**9.   Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not at this time. However, the parties reserve the right to request a scheduling conference at a later date.

**10.  Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discover tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period and (c) eight (8)-months discovery period.  A chart showing the assignment of case to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

The parties request an eight-month discovery period is necessary to obtain all relevant medical records and other documents, depose all witnesses, and complete the discovery necessary for this matter.

**Please state below the subjects on which discovery may be needed:**

(a) Subject incident

(b) Involvement of any other parties in the incident

(c) Nature of Plaintiff's injuries

(d) Plaintiff's medical treatment

(e) Plaintiff's medical treatment history

(f) Nature and extent of Plaintiff's claimed damages

(g) Plaintiff's claims of negligence, negligence per se, negligent maintenance, training, and supervision.

(h) If experts are identified by any party in this action, then the parties will need to engage in discovery with regard to such experts.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties request an eight-month discovery track due to the number of witnesses and parties, the probability of out of state discovery, and the likely use of experts by both parties. The parties will notify the Court if a request for additional discovery time is necessary.

Additionally, the parties stipulate and agree that the parties' State Court Discovery Requests and Responses are applicable to and adopted in the subject Federal Case.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

   **(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

   None at this time.

   **(b) Is any party seeking discovery of electronically stored information?**

   ☒ Yes   ☐ No

**If "yes,"**

**(1)** **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The Parties agree that the scope of such discovery must be reasonably related to the matters at issue and the nature and extent of the damages sought.

**(2)** **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties have agreed to produce PDF versions of documents which are electronically stored.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

**13.   Settlement Potential:**

**(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 18, 2023 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For Plaintiff:**

| | |
|---|---|
| Lead counsel (signature): | */s/ Hung Q. Nguyen*\* |
| | (**\*with permission by MLM**) |
| Other participants: | Adam Klein |

**For Defendants:**

| | |
|---|---|
| Lead counsel (signature): | */s/ Michael L. Miller* |
| Other participants: | Katherine I. Barton |

**(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

☐ A possibility of settlement before discovery.

☒ A possibility of settlement after discovery.

☐ A possibility of settlement, but a conference with the judge is needed

☐ No possibility of settlement.

**(c)  Counsel ☒ do or ☐ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d)  The following specific problems have created a hindrance to settlement of this case.**

None other than the need for additional discovery.

**14.  Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties ☐ do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2023.

(b) The parties ☒ do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted, this 23rd day of August, 2023.

| | |
|---|---|
| **HQ ALEX NGUYEN LAW FIRM, LLC** | **DREW ECKL & FARNHAM, LLP** |
| */s/ Hung Q. Nguyen*\* | */s/Michael L. Miller* |
| (**\*with permission by MLM**) | Michael L. Miller |
| Hung Q. Nguyen | Georgia Bar No. 508011 |
| Georgia Bar No. 940370 | Katherine I. Barton |
| Adam Klein | Georgia Bar No. 882335 |
| Georgia Bar No. 425032 | 303 Peachtree Street, NE |
| 5495 Jimmy Carter Boulevard | Suite 3500 |
| Suite B-17 | Atlanta, Georgia 30309 |
| Norcross, Georgia 30093 | (404) 885-1400 |
| (770) 409-1529 | millerm@deflaw.com |
| Litigation@770goodlaw.com | bartonk@deflaw.com |
| Alex@770goodlaw.com | *Attorneys for Defendant* |
| Adam@770goodlaw.com | |
| *Attorneys for Plaintiff* | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ARGELIA SOLITO,<br><br>    Plaintiff,<br><br>v.<br><br>SAM'S EAST, INC., JOHN DOE 1-2, ABC CORP., and XYZ CORP.,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. 1:23-cv-03438-MLB |

## **CERTIFICATE OF SERVICE AND COMPLIANCE WITH LOCAL RULE 5.1(B)**

I HEREBY CERTIFY that I have this day filed the **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court, using the CM/ECF system and served a copy of the foregoing upon Plaintiff via U.S. Mail, adequate postage prepaid, addressed as follows:

Hung Q. Nguyen, Esq.
Adam Klein, Esq.
HQ Alex Nguyen Law Firm, LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
alex@770goodlaw.com
adam@770goodlaw.com

I further certify that the foregoing has been prepared with Times New Roman, 14-point font, in compliance with L.R. 5.1(b).

-13-

Respectfully submitted, this 23rd day of August, 2023.

                                      **DREW ECKL & FARNHAM, LLP**

                                      */s/Michael L. Miller*
                                      Michael L. Miller
                                      Georgia Bar No. 508011
                                      Katherine I. Barton
                                      Georgia Bar No. 882335
                                      *Attorneys for Defendant*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

13734584/1
05695-260504