# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ARGELIA SOLITO,<br><br>    Plaintiff,<br><br>v.<br><br>SAM'S EAST, INC., JOHN DOE 1-2, ABC CORP., and XYZ CORP.,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. 1:23-cv-03438-MLB |

## DEFENDANT'S INITIAL DISCLOSURES

COME NOW, Defendant Sam's East, Inc. ("Sam's Club" or "Defendant" herein) and pursuant to Fed. R. Civ. P. 26(a)(1) and L.R. 26.1 files the following Initial Disclosures:

1.

If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Defendant does not contend that it is improperly identified.**

1

2.

Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Defendant does not contend that Plaintiff has failed to name a necessary party, nor does Defendant contend that there is a question of misjoinder of parties.**

3.

Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**On August 5, 2021, Plaintiff was shopping at Sam's Club Store Number 6409 located at 1940 Mountain Industrial Boulevard, Tucker, Georgia 30084. At the same time and place, a group of customers standing in the bakery section of the store had a package of Member's Mark 6-Hour Safe Heat Chafing Fuel with PowerPad (or other similar chafing fuel product) that was leaking onto the floor. One of the customers took the leaking product out of the cart. Approximately five minutes later, Plaintiff entered the area and fell on the fuel**

spilled by the unknown customer. Plaintiff alleges she incurred bodily injuries and damages as a result of this accident.

However, Defendant did not have actual or constructive knowledge of the hazard. As the substance causing Plaintiff's fall was present for less than eleven minutes prior to Plaintiff's fall, and customers were standing directly over the substance during that time, Sam Club employees did not have a reasonable opportunity to discover or remove the substance from the floor or warn Plaintiff of the substance before she fell. Additionally, Plaintiff had equal or superior knowledge of the condition she alleges caused the subject incident.

Pending additional investigation and discovery, Defendant has raised defenses based on Plaintiff's possible failure to exercise ordinary care for her own safety and/or to mitigate her alleged damages. Further, upon information and belief, Plaintiff may have been able to avoid the incident.

As of the date of these Initial Disclosures, it is not known whether the subject incident caused some or all of Plaintiff's alleged injuries and/or damages. It is not known whether Plaintiff (or any non-party) caused, in whole or in part, any of Plaintiff's alleged injuries or damages.

Defendant's investigation and discovery are continuing. Defendant anticipates relying upon all facts developed during discovery and at the trial of

**this case in support of its defenses. Defendant reserves the right to supplement its response to this portion of its Initial Disclosures as discovery progresses.**

4.

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**The following may apply: O.C.G.A. § 51-1-1 (tort defined); O.C.G.A. § 51-1-2 (ordinary diligence, ordinary negligence); O.C.G.A. § 51-3-1 (premises liability); O.C.G.A. § 51-2-4 (vicarious liability); O.C.G.A. § 51-1-6 (negligence per se); O.C.G.A. § 51-11-7 (diligence of Plaintiff); OC.G.A. § 51-12-1 (kinds of damages); O.C.G.A. § 51-12-2 (general damages and special damages); OC.G.A. § 51-2-4 (compensation for injury); O.C.G.A. § 51-12-8 (damages too remote); OC.G.A. § 51-12-11 (duty to mitigate/lessen); O.C.G.A. § 51-12-33 (apportionment of fault).**

**Defendant reserves the right to supplement its response to this portion of its Initial Disclosures as discovery progresses.**

5.

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your

claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**See Attachment A.**

6.

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**At this time, Defendants have not identified any experts who will be used to present evidence at a trial in this case. Defendants reserve the right to supplement their response to this Initial Disclosure in accordance with the Federal Rules of Civil Procedure.**

7.

Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**See Attachment C.**

8.

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**At this time, Defendants have not asserted a claim for damages in this action.**

9.

If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**At this time, Defendants do not contend that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendants in this matter. Defendants reserve the right to supplement their response to this Initial**

**Disclosure in the event that Defendants become aware of any other person(s) or entity(ies) who may be at fault and/or liable for Plaintiff's alleged injuries and/or damages.**

10.

Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E).

See Attachment E.

Respectfully submitted, this 23rd day of August, 2023.

                                        **DREW, ECKL & FARNHAM, LLP**

                                        */s/Michael L. Miller*
                                        Michael L. Miller
                                        Georgia Bar No. 508011
                                        Katherine I. Barton
                                        Georgia Bar No. 882335
                                        *Attorneys for Defendant*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ARGELIA SOLITO, <br><br> Plaintiff, <br><br> v. <br><br> SAM'S EAST, INC., JOHN DOE 1-2, ABC CORP., and XYZ CORP., <br><br> Defendants. | CIVIL ACTION <br> FILE NO. 1:23-cv-03438-MLB |

## **CERTIFICATE OF SERVICE AND COMPLIANCE WITH LOCAL RULE 5.1(B)**

I HEREBY CERTIFY that I have this day filed the **DEFENDANT'S INITIAL DISCLOSURES** with the Clerk of Court, using the CM/ECF system and served a copy of the foregoing upon Plaintiff via U.S. Mail, adequate postage prepaid, addressed as follows:

> Hung Q. Nguyen, Esq.
> Adam Klein, Esq.
> HQ Alex Nguyen Law Firm, LLC
> 5495 Jimmy Carter Blvd., Suite B-17
> Norcross, GA 30093
> litigation@770goodlaw.com
> alex@770goodlaw.com
> adam@770goodlaw.com

I further certify that the foregoing has been prepared with Times New Roman, 14-point font, in compliance with L.R. 5.1(b).

This 23rd day of August, 2023.

                                  **DREW ECKL & FARNHAM, LLP**

                                  */s/Michael L. Miller*
                                  Michael L. Miller
                                  Georgia Bar No. 508011
                                  Katherine I. Barton
                                  Georgia Bar No. 882335
                                  *Attorneys for Defendant*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com


13734597/1
05695-260504

9

## ATTACHMENT A

Defendants state the following individuals may have discoverable information relating to the claims and defenses asserted in this action:

1. Plaintiff Argelia Solito, who may be contacted through Plaintiff's counsel, has relevant knowledge regarding the subject incident and her alleged injuries and damages.

2. Plaintiff's husband, Julio Edgardo Solozano, may have knowledge regarding the subject incident and Plaintiff's alleged injuries and damages.

3. Plaintiff's post-accident medical providers, including but not limited to Peachtree Spine and Sport Physicians, Ortho Sport & Spine Physicians, Northside Hospital, Northside Radiology, and Northside Emergency Associates, PC have knowledge regarding treatment received by Plaintiff and her alleged injuries.

4. Walmart Claims Services representatives, who may be contacted via the undersigned, have knowledge regarding the subject incident and Sam's Club's investigation conducted regarding the subject incident.

5. Sam's Club General Manager Cody Speck, who may be contacted via the undersigned counsel, may have knowledge regarding the subject incident.

6. Sam's Club Market Manager Anthony Morreale, who may be contacted via the undersigned counsel, may have knowledge regarding the subject incident.

7. Sam's Club employee Keira Saffold, who may be contacted via the undersigned counsel, may have knowledge regarding the subject incident.

8. Crossmark, Inc. Employee Elizabeth Billingsley may have knowledge regarding the subject incident.

9. The unknown customers who created the spill and witnessed Plaintiff's fall have knowledge regarding the subject incident.

Defendant will supplement this list as applicable.

## ATTACHMENT B

Defendants have not retained any expert witnesses at this time. If and when such an expert is retained, Defendants will provide the appropriate information in a manner consistent with the Federal Rules.

## ATTACHMENT C

The following relevant and non-privileged documents are in Defense counsel's possession as of the date of these Initial Disclosures:

1. Surveillance footage depicting Plaintiff's fall.

2. Floor Plan for Sam's Club Store Number 6409.

3. Photographs of the approximate area in which Plaintiff allegedly fell.

4. Customer Incident Report

5. Associate Witness statement of Sam's Club employee Cody Speck.

6. Associate Witness statement of Sam's Club employee Keira Saffold.

7. Plaintiff's medical records and bills.

Defendant will supplement this list as applicable.

## **ATTACHMENT D**

Not Applicable.

## **ATTACHMENT E**

A copy of the declarations page for the policy applicable to Plaintiff's claims was provided to Plaintiff on July 24, 2023. Sam's Club shows that there is a self-insured retention of $1 million applicable to Plaintiff's claims which must be satisfied before insurance can be considered.