**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ARGELIA SOLITO,<br>    Plaintiff,<br><br>v.<br><br>SAM'S EAST, INC.,<br>JOHN DOE 1-2, ABC CORP., and<br>XYZ CORP.,<br>    Defendants. | CIVIL ACTION<br>FILE NO. 1:23-cv-03438-MLB |

## <u>PLAINTIFF'S INITIAL DISCLOSURES</u>

COMES NOW, Plaintiff Patricia Roberts, individually, and as administrator of the estate of Fred Jenkins, deceased, by and through her undersigned counsel, and hereby submits her Initial Disclosures in compliance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, stating as follows:

## <u>DISCLOSURE № 1.</u>

State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**<u>RESPONSE:</u>** This civil action is brought under Georgia Law by Plaintiff Argelia Solito arising out of an incident that occurred at the Sam's Club located at 1940 Mountain Ind. Blvd., Tucker, GA 30084. Plaintiff asserts claims of premises

liability, negligent maintenance, respondeat superior, and negligent training and supervision, and negligence per se against Defendant.

On August 5, 2021, Plaintiff was shopping at the Tucker, Georgia Sam's Club store. Plaintiff was walking in the bakery section of the store when she slipped and fell. Plaintiff alleges she incurred bodily injuries and damages as a result of this accident.

## DISCLOSURE № 2.

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

## RESPONSE:

**A) _Statutes:_**

O.C.G.A. § 51-3-1;
O.C.G.A. § 51-1-1;
O.C.G.A. § 51-1-2;
O.C.G.A. § 51-1-6;
O.C.G.A. § 13-6-11;

**B) _Legal Principles, Standards, and Illustrative Case Law:_**

## Proximate Cause of Injuries

To state a claim against the defendants, an injured party is required to show that the defendants' negligence was the legal cause of his injury, i.e., that the defendants' negligence was the cause to which the law attributes his injury. He must show a legally attributable causal connection between the defendants' conduct and the alleged injury. The inquiry is not whether the defendants' conduct constituted a cause in fact of the injury, but rather whether the causal

connection between that conduct and the injury is too remote for the law to countenance a recovery. Haynes v. Cagle, 264 Ga. App. 367, 368-69 (2003).

## Superior Knowledge

The true ground of liability in the landowner's superior knowledge of the perilous condition and the danger therefrom to persons coming upon the property. It is when the perilous condition is known to the owner and not known to the person injured that a recovery is permitted. Sotomayor v. TAMA I, LLC, 274 Ga. App. 323, 327 (2005).

## Existence of a Hazard

Whether a hazardous condition exists is the threshold question in a slip and fall case. Drew v. Instar Fin. Inc., 291 Ga. App. 323, 325 (2008).

## Failure to warn

Failure to warn is simply a means by which an owner or occupier might have breached a duty of care it owed under a theory of premises liability. Tomsic v. Marriott Intl., 321 Ga. App. 374, 385 (2013).

## Duty to Invitees

The landowner's duty is to protect invitees against "unreasonable risks" of which it has superior knowledge. Martin v. Six Flags Over Georgia II, L.P., 301 Ga. 323, 330 (2017) citing Lau's Corp. v. Haskins, 261 Ga. 491, 492 (1991).

## Vicarious Liability

Whether the owner has surrendered possession and control is generally a question of fact. The relevant facts can include the terms of any contract between the owner and [occupier], and the surrounding circumstances and course of dealings between the parties that reveal the relative possession and control of the property by the parties. Stelly v. WSE Prop. Mgmt., LLC, 350 Ga. App. 627, 631 (2019).

**DISCLOSURE № 3.**

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**RESPONSE:** See attached witness list to Initial Disclosures as Attachment A.

**DISCLOSURE № 4.**

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**RESPONSE:** Plaintiff has not retained any expert witnesses but reserves the right

to do so. Plaintiff will identify any expert witness so retained as required by Rule 26

of the Federal Rules of Civil Procedure.

**DISCLOSURE № 5.**

Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE:** See attached document list to Initial Disclosures as Attachment C.

**DISCLOSURE № 6.**

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying (Rev. 03/01/11) APP.B - 4 as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE:** Categories of documents and other tangible things that Plaintiff may use to support her claim for damages include the following:

- All documents reflecting damage to Plaintiff's health which resulted from the subject incident;

- Medical records and other documentation generated as a result of medical care rendered to Plaintiff since the subject incident.

Plaintiff notes that many other documents are relevant to and/or discoverable in this case that may form a basis for computation of Plaintiff's damages. Plaintiff expects these to come to light during the discovery period of this case. Plaintiff reserves the right to alter, add to, or amend this list of documents as discovery progresses, either by amendment to theses Initial Disclosures or through the identification of the documents in depositions or responses to written discovery requests.

**DISCLOSURE № 7.**

Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE:** See Attachment E.

**DISCLOSURE № 8.**

Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

**RESPONSE:** The following entities may have a subrogation interest in the subject

matter:

- Peachtree Spine and Sport Physicians
- Ortho Sport & Spine Physicians
- Northside Hospital
- Northside Emergency Associates, PC
- Northside Radiology
- Acute Physical Therapy

Respectfully submitted this 21st day of November, 2023.

**770GOODLAW, H.Q. ALEX NGUYEN LAW FIRM, LLC.**

*/s/ Adam Klein*

Adam J. Klein
GA State Bar No. 425032
Attorney for Plaintiff

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax

litigation@770goodlaw.com

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1 D</u>

By signature below, counsel certifies that the foregoing document was prepared utilizing 8½" x 11" page with Times New Roman, 14-point font, double spaced, single sided, margins and page numbering all in compliance with Local Rule(s) 5.1, *et seq.*

So certified this 21st day of November, 2023.

**770GOODLAW, H.Q. ALEX**
**NGUYEN LAW FIRM, LLC.**

*/s/ Adam Klein*
Adam J. Klein
GA State Bar No. 425032
Attorney for Plaintiff

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com

## ATTACHMENT A

## PLAINTIFF'S WITNESSES IN RESPONSE TO DISCLOSURE 3

1) Plaintiff may be contacted through Plaintiff's counsel at: The Law Office of Hung Q. Nguyen and Associates LLC, 5495 Jimmy Carter Blvd., Suite B-17, Norcross, GA 30093; (678) 520-1052; alex@770goodlaw.com;

2) All Defendants;

3) Healthcare providers listed in the medical records Plaintiff previously provided to Defendants and their representatives;

4) Corporate representatives for Defendant;

5) All witnesses identified by Defendants in Defendants' Initial Disclosures;

6) Plaintiff reserves the right to amend and supplement this list of witnesses in the event such becomes necessary during the course of discovery.

## ATTACHMENT B

## PLAINTIFF'S EXPERT WITNESSES IN RESPONSE TO DISCLOSURE 4

Plaintiff has not retained any expert witnesses but reserves the right to do so. Plaintiff will identify any expert witness so retained as required by Rile 26 of the Federal Rules of Civil Procedure.

## ATTACHMENT C

## PLAINTIFF'S LIST OF DOCUMENTS IN RESPONSE TO DISCLOSURE 5

1. Medical Records, treatment notes, prescriptions, or other documentation generated as a result of medical treatment rendered to Plaintiff since the incident at issue;

2. All documents identified by Defendants;

3. Incident Report;

4. Photographs of the scene;

5. Photographs of injuries; and

6. Video of the incident.

7. Plaintiff reserves the right to amend and supplement this list of documents in the event such becomes necessary during the course of discovery.

**ATTACHMENT D**

**PLAINTIFF'S LIST OF DOCUMENTS IN RESPONSE TO DISCLOSURE 6**

Documents and other tangible things in Plaintiff's possession that Plaintiff may use to support her claim for damages include the following:

1. Medical records and bills from treating providers.

Plaintiff notes that many other documents are relevant to and/or discoverable in this case that may form a basis for computation of Plaintiff's damages. Plaintiff expects these to come to light during the discovery period of this case. Plaintiff reserves the right to alter, add to, or amend this list of documents as discovery progresses, either by amendment to theses Initial Disclosures or through the identification of the documents in depositions or responses to written discovery requests.

**ATTACHMENT E**

**INSURANCE AGREEMENT IN RESPONSE TO DISCLOSURE 7**

See the policy Defendants produced to Plaintiff's counsel.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day filed a true and correct copy of the foregoing **PLAINTIFF'S INITIAL DISCLOSURES** with the Clerk of Court utilizing the CM/ECF filing system, which automatically serves counsel for all parties to this matter.

Respectfully submitted this 21st day of November, 2023.

**770GOODLAW, H.Q. ALEX**
**NGUYEN LAW FIRM, LLC.**

*/s/ Adam Klein*
Adam J. Klein
GA State Bar No. 425032
5495 Jimmy Carter Blvd., Suite B-17   Attorney for Plaintiff
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com