IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARGELIA SOLITO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAM'S EAST, INC., JOHN DOE 1- ) <br> 2, ABC CORP., and XYZ CORP., ) <br> ) <br> Defendants. ) | Case 1:23-cv-03438-MLB |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**

COMES NOW Defendant Sam's East, Inc. ("Defendant" or "Sam's") and, pursuant to Fed. R. Civ. P. 56 and Rule 56.1 of this Court's Rules, hereby file this Statement of Material Facts, showing this Honorable Court as follows:

1.

Plaintiff Argelia Solito alleges that while at Sam's Club Store No. 6409 in Tucker, Georgia ("the store") on August 5, 2021, she slipped and fell in "oil spillage." (*See generally*, Complaint).

2.

The incident was captured on the store's surveillance footage at 12:25:11 PM. (A true and accurate copy of which is being mailed to the Court via FedEx on a USB drive as **Exhibit "A"**).

3.

Prior to her fall, Plaintiff was shopping alone for approximately half an hour before heading to the bakery section to get some bread. (Deposition of Plaintiff Argelia Solito, pp. 30-31:17-23, a true and accurate excerpt[1] of which is attached to Defendant's Brief as **Exhibit "B"**).

4.

The surveillance footage shows the area in the bakery section where Plaintiff fell from 11:24:54 AM to 1:24:54 PM. (Exhibit A).

5.

At 12:14:34 PM, a group of customers enters the bakery section. The group consists of four customers (a man in a red shirt, and three women in pink, blue, and gray shirts) with three shopping carts, who remained in the area for approximately twelve minutes in total. (Exhibit A).

6.

At 12:17:11 PM, the man in the red shirt begins to rearrange the items in the group's three shopping carts, transferring items from one cart to another. (Exhibit A).

---

[1] Pursuant to the Court's Standing Order, Plaintiff's entire Deposition Transcript is filed separately under a notice of filing original deposition transcript.

7.

At 12:20:12 PM, the woman in the pink shirt points to something in one of the carts, and the man in the red shirt goes over to the cart and inspects the contents, eventually pulling out a rectangular package. (Exhibit A).

8.

At 12:20:48 PM, the man in the red shirt walks off screen with the package toward the back of the store, returning to the group from the back of the store with another package at12:23:42 PM. He places the package into a cart at 12:24:05 PM. (Exhibit A).

9.

At 12:24:25 PM, a Sam's employee walks directly by the group of customers. (Exhibit A).

10.

At 12:24:49 PM, Plaintiff enters the frame pushing her shopping cart from the left and stops to look at a table or merchandise for approximately 15 seconds. (Exhibit A).

11.

At 12:25:07 PM, Plaintiff leaves her cart by the table of merchandise and begins walking into the main aisle behind the group of customers. (Exhibit A).

12.

At her deposition, Plaintiff explained that she needed to get bread that was on the other side of the table and had to leave her cart because she could not get by the group of customers. (Plaintiff's Deposition, pp. 31:10-22; 42:2-7).

13.

At 12:25:11 PM, as Plaintiff is walking directly behind the woman in the blue shirt, Plaintiff slips and falls to the floor. (Exhibit A).

14.

Plaintiff did not see the substance that she slipped in until she was already on the floor. (Plaintiff's Deposition, p. 34:10-12).

15.

At her deposition, Plaintiff admitted there was nothing preventing her from seeing the floor as she walked, other than the group of customers standing close to where the fuel was spilled. (Plaintiff's Deposition, p. 32:11-23).

16.

Once on the ground, Plaintiff touched the substance and could tell it was some kind of "[o]ily and slippery substance, such as vegetable oil." (Plaintiff's Deposition, p. 34:17-18; Plaintiff's Response to Defendant's First Interrogatories

("Interrogatories"), Interrogatory No. 8, a true and correct redacted[2] copy of which is attached to Defendant's Brief as **Exhibit "G"**).

17.

Plaintiff could not tell the source of the substance, how long the substance had been on the floor, nor could she tell if the substance was clear or had a color. (Plaintiff's Deposition, pp. 35:11-12; 85:13-15; 93:3-5; Plaintiff's Response to Interrogatory No. 8).

18.

Plaintiff described the substance as "spread out," but could not describe the exact location or dimensions of the substance in greater detail. (Plaintiff's Deposition, pp. 34:13-16; 43-44:17-3).

19.

At 12:25:28 PM, General Manager Cody Speck enters the frame with former Market Manager Anthony Morreale, and the two go to Plaintiff's aid as she sits on the floor, along with Crossmark employee Elizabeth Billingsley, who had been handing out samples in the area. (Exhibit A; Declaration of Cody Speck ¶¶ 5-6, a true and accurate copy of which is attached to Defendant's Brief as **Exhibit "C"**).

---

[2] In an effort to preserve Plaintiff's Privacy, Defendant is only attaching the Interrogatory Responses as relevant to the instant motion. However, should this Court require an unredacted version, Defendant will promptly provide it.

20.

At 12:25:59 PM, Mr. Speck, who is kneeling on the ground by Plaintiff closest to the group of four customers, can be seen looking around the floor and at the contents of the group of customers' three shopping carts. (Exhibit A).

21.

Mr. Speck was able to determine that the substance on the floor was Member's Mark 6-Hour Safe Heat Chafing Fuel with PowerPad (or another similar chafing fuel product) that had leaked onto the floor. (Speck Declaration, ¶¶ 6-7).

22.

Plaintiff remains on the floor until 12:30:44 PM, when Mr. Speck and Mr. Morreale help Plaintiff into a wheelchair. (Exhibit A).

23.

When she eventually got up from the floor after her fall, Plaintiff did not look to see whether the fuel was visible from a standing position. (Plaintiff's Deposition, p. 35:4-10).

24.

Former Front-End Manager Keira Saffold arrives on the scene to fill out the Customer Incident Report and can be seen at 12:32:38 PM taking photographs of the area on her phone before wheeling Plaintiff out of the frame at 12:34:56 PM. (Speck

Declaration, ¶ 9; true and accurate copies of the photographs taken by Ms. Saffold are attached to Defendant's Brief as **Exhibit "D"**).

25.

At her deposition, Plaintiff was shown the photographs at her deposition and asked whether she recognized the substance causing her fall. (Plaintiff's Deposition, pp. 37-38:9-10; Exhibit "2" to Plaintiff's Deposition). Upon review of each of the photographs, Plaintiff testified that she could not identify anything. (Plaintiff's Deposition, pp. 38-39:9-19).

26.

All employees of Sam East, Inc. are trained to inspect and monitor the store premises for potential hazards as they walk through the store and identify any repairs, maintenance, clean up, or other measures needed to address any issues potentially impacting customer safety. (Speck Declaration, ¶ 10; a true and accurate copy of Sam's East, Inc.'s Slip, Trip, and Fall Guidelines is attached to Defendant's Brief as **Exhibit "E"**; a true and accurate copy of Sam's East, Inc.'s Spill Clean Up Procedures is attached to Defendant's Brief as **Exhibit "F"**).

27.

Employees are expected to be alert, look for hazards, and correct the hazards quickly. (Exhibit E).

28.

Sam's employs a "clean as-you-go" method and emphasizes the importance of immediate hazard clean up by enforcing the "Towel in Pocket Program," which requires that every employee put a paper towel or pocket pad in their pocket prior to starting their shift in order to provide an easy way to immediately clean up a small spill. (Exhibit E; Exhibit F).

29.

If an employee notices any hazard on the floor, the employee immediately blocks off the spill, calls for assistance, and monitors the spill until it is cleaned up in order to prevent a customer or another employee from coming in contact with the spill or tracking it through the store. (Exhibit F).

30.

In this case, an employee walked through the area of the subject incident at 11:46:00 AM, 11:46:10 AM, 11:47:26 AM, and 12:24:25 PM (less than one minute prior to Plaintiff's fall). (Exhibit A).

31.

Despite noticing the leaking package of fuel, taking it out of the cart, and replacing it with an undamaged package, the group of customers never notified an

employee of the spill, but continued to stand over it until Plaintiff's fall. (Exhibit A, 12:20:12 PM to 12:25:11 PM).

Respectfully submitted this 3rd day of June, 2024.

                                          **DREW ECKL & FARNHAM, LLP**

                                          */s/ Katherine I. Barton*
                                          Michael L. Miller
                                          Georgia Bar No. 508011
                                          Katherine I. Barton

303 Peachtree Street, NE        Georgia Bar No. 882335
Suite 3500                             *Attorneys for Sam's East, Inc.*
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ARGELIA SOLITO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAM'S EAST, INC., JOHN DOE 1- )<br>2, ABC CORP., and XYZ CORP., )<br>)<br>Defendants. ) | Case 1:23-cv-03438-MLB |

## **CERTIFICATE OF SERVICE**

Today I served a copy of *Defendant Sam's East, Inc.'s Statement of Material Facts* upon all parties to this matter by filing with the Court's CM/ECF system, which will automatically e-mail notification of same to the following counsel of record:

Adam J. Klein, Esq.<br>
Hung Q. Nguyen, Esq.<br>
HQ Alex Nguyen Law Firm LLC<br>
5495 Jimmy Carter Blvd., Suite B-17<br>
Norcross, GA 30093<br>
litigation@770goodlaw.com<br>
*Attorneys for Plaintiff*

I further certify that the foregoing has been prepared with Times New Roman, 14-point font, in compliance with L.R. 5.1(C).

This 3rd day of June, 2024.

**DREW ECKL & FARNHAM, LLP**

*/s/Katherine I. Barton*
Katherine I. Barton
Georgia Bar No. 882335
*Attorneys for Sam's East, Inc.*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
bartonk@deflaw.com

14232964/1
05695-260504