## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ARGELIA SOLITO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case 1:23-cv-03438-MLB |
| | ) | |
| SAM'S EAST, INC., JOHN DOE 1-2, ABC CORP., and XYZ CORP., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT
## OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Sam's East, Inc. ("Sam's" or "Defendant" herein) and files this Reply Brief in Support of its Motion for Summary Judgment, showing this Honorable Court as follows:

## I. INTRODUCTION

Plaintiff's attempt to circumvent the clear evidence in this case by relying on pure conjecture and speculation is insufficient to overcome the grant of summary judgment in Defendant's favor. Rather than pointing to _any_ affirmative evidence showing the Court that there is a genuine issue of material fact - as is Plaintiff's burden in opposing Defendant's Motion - Plaintiff's brief is comprised of unsubstantiated and speculative "theories" without any evidentiary support. As such, summary judgment is warranted as a matter of law.

## II.      RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

As is shown in Plaintiffs' [sic] Response to Defendant Sam [sic] East, Inc.'s Statement of Material Facts, Plaintiff agrees with all but two of the facts contained in Defendant's Statement of Material Facts – Plaintiff agrees that she did not see the substance that she slipped in until she was already on the floor, there was nothing preventing her from seeing the floor as she walked, she did not look to see whether the fuel was visible from a standing position, could not describe the exact location or dimensions of the substance in greater detail than it being "spread out," could not tell the source of the substance, how long the substance had been on the floor, nor could she tell if the substance was clear or had a color. (Plaintiffs' [*sic*] Response to Defendant Sam [*sic*] East, Inc.'s Statement of Material Facts, ¶¶ 14, 15, 17, 18, 23).

Additionally, Plaintiff agrees that General Manager Cody Speck determined that the source of the substance in which Plaintiff slipped came from a leaking package of chaffing fuel that was in another customer's cart, which had entered the area less than eleven minutes before Plaintiff's fall. (Plaintiffs' [*sic*] Response to Defendant Sam [*sic*] East, Inc.'s Statement of Material Facts, ¶¶ 5[1], 20, 21). These facts are not in dispute and may be accepted by the Court.

---

[1] Plaintiff's response to Defendant's Statement of Material Facts ¶ 5 was solely to clarify the time in which the woman in the gray shirt entered the area of the incident. Plaintiff did not dispute that the cart containing the leaking chaffing fuel entered the area at 12:14:34 PM. (*See* Exhibit A).

Plaintiff's only "substantive" addition to the facts of this case was to point out an apparent conversation between the man in the red shirt and an individual in a yellow vest from approximately 12:22:58 PM to 12:23:15 PM. (Plaintiffs' [*sic*] Brief in Opposition to Defendant Sam's East, Inc.'s Motion for Summary Judgment (hereinafter "Plaintiff's Brief"), p. 3). Plaintiff asserts that because the individual is wearing a yellow vest, he must have been a Sam's employee. In support of this speculation, Plaintiff refers to a photograph taken by an unknown individual of an unknown individual on an unknown date at an unknown location. Notably, Plaintiff never produced this photograph, which purports to show a Sam's employee wearing a yellow vest, during discovery. (*See* Plaintiff's Exhibit U).

The identity and employment status of the unknown individual is not the only speculative leap taken by Plaintiff with regard to this 17-second conversation. Plaintiff also asserts that this Court should infer that the subject of the apparent conversation between the men was the spilled chaffing fuel. Then, the Court should speculate that this alleged conversation placed Sam's on notice of the spill that was in an entirely separate area of the store than the men's conversation.

However, the fact that the individual was wearing a yellow vest and Sam's employees occasionally wear yellow vests does not prove that the individual was an Sam's employee. Third-party contractors and vendors, Crossmark employees, and

even customers have all been known to wear yellow vests on occasion. Plaintiff's assertion that the color of the individual's vest reflects his employment status is pure speculation without any evidentiary support. Moreover, even if this individual was a Sam's employee, there is absolutely no evidence regarding the substance of their conversation. To be clear, Plaintiff's entire argument regarding Sam's "notice" of the hazard is based upon the following interaction as indicated by the red arrow below:



Plaintiff's argument that this Court should view this brief interaction between two unknown individuals - with no evidence as to the subject of the conversation - and should infer Defendant's knowledge of the chaffing fuel on the floor in another area of the store is an affront to the clear requirements of the non-movant's burden in opposing summary judgment. Indeed,

[a]lthough [Courts] draw justifiable inferences in the non-moving party's favor, **unsupported speculation does not meet a party's burden of producing some defense to a summary judgment motion** because it does not create a *genuine* issue of fact. Speculation instead creates a false issue, the demolition of which is a primary goal of summary judgment.  [Courts] can affirm on any basis supported by the record.

*Olbek v. City of Wildwood, FL*, 850 Fed. Appx. 714, 719 (11th Cir. 2021) (internal citation and punctuation omitted) (italic emphasis in original; bold emphasis provided). Since Plaintiff has wholly failed to identify any issues of genuine material fact in opposing Defendant's Motion, summary judgment is warranted.

## III.   RESPONSE TO PLAINTIFF'S ARGUMENTS

### A.   *Plaintiff Failed to Provide Any Evidence in Support of Her Premises Liability Claim.*

As set forth in Defendant's Brief in Support of its Motion for Summary Judgment ("Defendant's Brief"), to successfully defeat summary judgment regarding Plaintiff's premises liability claim, Plaintiff must show Sam's superior knowledge of the hazard. *Barbour-Amir v. Comcast of Georgia/Virginia, Inc.*, 332 Ga. App. 279, 281 (2015). There is no evidence that Sam's had <u>actual knowledge</u> of the spill. Thus, in order to show Sam's <u>constructive knowledge</u>, Plaintiff must show through evidence that either: (1) the substance remained on the floor for so long that it would have been discovered and removed if Sam's had exercised reasonable care

in inspecting the premises, or (2) a Sam's employee was in the immediate area of the hazard and could have easily seen and removed the substance prior to Plaintiff's fall. *Id.* at 283. As illustrated by the complete lack of evidentiary support for Plaintiff's arguments, Plaintiff has failed to meet her burden.

### 1. There is No Evidence Defendant was Informed of the Chaffing Fuel Prior to Plaintiff's Fall.

In a wholly speculative and unpersuasive argument, Plaintiff asserts that there is a genuine issue of material fact as to whether the man in the red shirt informed the unidentified individual the yellow vest about the chaffing fuel that had spilled from his cart. As discussed above, there is absolutely no evidence that the unidentified individual the yellow vest was a Sam's employee _or_ that the substance of this apparent conversation related to the spilled chaffing fuel in any way. To establish an actual issue of material fact, this Court would be required to accept _both_ of these theories as fact.

Plaintiff relies on the factually distinguishable case of *Cross v. Dolgencorp, LLC*[2], wherein a Dollar General customer slipped and fell in dish soap that had been spilled 22 minutes prior to her fall. In *Cross*, there was affirmative surveillance footage evidence that an employee was informed of the spill when the leaking

---

[2] 4:17-CV-00073-HLM, 2018 WL 3949749 (N.D. Ga. May 21, 2018)

product was handed to the cashier 18 minutes prior to the customer's fall. *Id.* Additionally, the customer testified that after her fall, "[the assistant manager] said [another customer] brought [the broken dish soap] up front. And [the assistant manager] said, 'We cleaned it back there, but it may have spilled up here.'" *Id.* at *2. Based on this evidence, the district court denied Dollar General's motion for summary judgment on the grounds that Dollar General "had superior knowledge of the spill because it *was aware* that the leaky bottle had been carried through the store." *Id.* at *4 (emphasis added).

In comparison, there is no such evidence of Sam's knowledge in this case. Plaintiff's assertion that a jury could conclude that a brief exchange between two unknown people can be used to prove Defendant's knowledge of the spill is unpersuasive in light of the actual evidence. The record in this case is entirely devoid of any evidence showing that Defendant was aware of the spilled chaffing fuel at any time prior to Plaintiff's fall, and Plaintiff's failure to point to any evidence to the contrary is fatal to her claim.

## 2.   Defendant's Inspection Procedures Were Adequate as a Matter of Law.

Though Plaintiff's brief attempts to argue that Sam's inspection procedures were unreasonable, the cases cited by Plaintiff actually show the opposite. Instead,

they prove that the *same* inspection procedures Sam's utilizes have been previously found to be reasonable by this Court.

Plaintiff cites *Brown v. Wal-Mart Stores E., LP*[3], and states, "reasonable inspection programs includ[e]: constant safety sweeps of visual scanning of the area of any hazards, removing immediately of any hazards using towels employees carry in their pockets, guarding hazards until they are addressed, and maintenance employees required to sweep with a broom throughout 'all times of the day' (with increased activity from 11 A.M. to 8 P.M.)." (Plaintiff's Brief, p. 11). As is described more fully in Section II(B) of Defendant's Brief, Sam's employs *all* these inspection procedures considered to be reasonable both by this Court and by Plaintiff. (*See* Exhibit E; Exhibit F). Additionally, just as the Defendant in *Ledford v. Wal-Mart Stores E., LP*[4], Sam's employs Safety Sweeps (Exhibit E), and, like the Defendant in *Williams v. Wal-Mart Stores E., LP*[5], Sam's procedures dictate that employees regularly inspect and monitor the store for potential hazards as they walk through the store and engage in physical safety sweeps by using a dust mop or broom in high traffic areas periodically throughout the duration of their shift. (Speck Declaration, ¶ 10; Exhibit E).

---

[3] 1:16-CV-111-WSD, 2017 WL 386647 (N.D. Ga. Jan. 27, 2017)
[4] 3:09-CV-21-JTC, 2010 WL 11493530, at *1 (N.D. Ga. Jan. 12, 2010)
[5] 3:20-CV-65-TCB, 2021 WL 6113739, at *3 (N.D. Ga. Sept. 22, 2021)

Plaintiff seemingly takes issue with the fact that Sam's inspection procedures do not delineate a specific time for an inspection to occur. However, Plaintiff has not pointed to any caselaw requiring such a rigorous schedule in order for an inspection to be deemed reasonable. Indeed, "[a]lthough a proprietor has a duty to inspect the premises to discover possible dangerous conditions and to take reasonable precautions to protect the invitee from foreseeable dangers on the premises, it is well settled that a proprietor is under no duty to patrol the premises continuously in the absence of facts showing that the premises are unusually dangerous." *Brown v. Host/Taco Joint Venture*, 305 Ga. App. 248, 252 (2010) (citation and punctuation omitted). In *Brown v. Publix Super Markets, Inc.*, Publix employed a similar inspection procedure to Sam's called "Don't pass it up. Pick it up!," which "requires all Publix employees to be vigilant in looking for spills or other potential hazards on store premises and to immediately clean up or correct those hazards." 626 Fed. Appx. 793, 794 (11th Cir. 2015). The plaintiff in *Brown* argued that "constructive knowledge could be inferred because Publix's "Don't pass it up. Pick it up!" inspection policy is unreasonable in that it does not require employees to conduct regular, documented inspections of the floor." *Id.* at 797. However, the Court determined that this argument was unpersuasive. *Id.*

Similarly, Plaintiff's contention that the employee who walked by the area of Plaintiff's fall at 12:24:25 PM (less than one minute prior to Plaintiff's fall) did not engage in a proper inspection because he did not check the area _underneath_ the group of customers who were blocking the spill is categorically unreasonable. A similar argument was shot down by the Georgia Court of Appeals in _Blake v. Kroger Co._, 224 Ga. App. 140, 144 (1996) ("We know of no case or rule which requires a proprietor or its employees to crawl on the floor at regular intervals to discover and remove every otherwise hidden or invisible hazard."). The law clearly requires _reasonable_ inspection procedures, and Plaintiff's contention that an employee must look underneath patrons to conduct an inspection is completely unreasonable.

Moreover, the fact that Sam's inspection and clean up procedures were adequately followed on the day of Plaintiff's fall is apparent from the surveillance footage, which demonstrates continuous monitoring of the store by Sam's employees. Further, the surveillance footage shows adherence to the store procedures following notice of a hazard. Specifically, after Sam's employees became aware of the hazard, they immediately wiped the area with paper towels, sought the assistance of maintenance personnel in effectively cleaning the spill, and guarded the spill until it no longer posed a danger to customers. (Exhibit A; Exhibit E; Exhibit F). The undisputed evidence shows that Sam's employs inspection

procedures which Georgia Courts have routinely found to be reasonable and adhered to them on the day of Plaintiff's fall.

**3.    There is No Evidence that Defendant Could have Easily Discovered and Removed the Substance Prior to Plaintiff's Fall.**

Notwithstanding the fact that a Sam's employee walked through the area of Plaintiff's fall less than one minute beforehand, "[i]f there is no evidence that the [chaffing fuel] could have been discovered during a reasonable inspection, then no inference arises that defendants' failure to discover the defect was the result of any alleged failure to inspect." *Chastain v. CF Georgia N. Dekalb L.P.*, 256 Ga. App. 802, 803 (2002). Plaintiff has failed to provide any evidence that the chaffing fuel would have been found and removed during a reasonable inspection.

      i.    *Eleven minutes is a legally insufficient time for a hazard to be identified and removed.*

As a preliminary matter, Georgia courts have repeatedly held that "absent some reason to be on notice of the likelihood of a given hazard arising, a proprietor is generally permitted a reasonable time after notice of a hazardous condition to exercise care in correcting such condition." *Pickering Corp. v. Goodwin*, 243 Ga. App. 831, 832 (2000); *All Am. Quality Foods, Inc. v. Smith*, 340 Ga. App. 393, 395–96 (2017) (finding inspection-related evidence irrelevant where video evidence showed a period of only six or seven minutes between spilling of liquid and

customer's fall); *Mazur v. Food Giant, Inc.*, 183 Ga. App. 453, 454 (1987) (no actionable negligence where proprietor fails to discover a foreign object only present for ten to fifteen minutes); *Johnson v. Autozone, Inc.*, 219 Ga. App. 390, 394 (1995) (affirming summary judgment where defendant produced evidence that "oil spill had existed for no more than 15 to 20 minutes prior to [plaintiff's] fall.").

Without any evidentiary support, Plaintiff claims that there is a question of fact regarding when the package of chaffing fuel began leaking. As stated in his declaration, General Manager Cody Speck was able to determine the source of the spill as the leaking chaffing fuel by looking at the group of customers' shopping carts as he was rendering aid to Plaintiff. (Speck Declaration, ¶¶ 6-8). The clear, indisputable evidence shows that the chaffing fuel was brought into the area of Plaintiff's fall on the customers' shopping cart at 12:14:34 PM, and Plaintiff has not, and cannot, point to any evidence to the contrary. (Exhibit A).

ii.    *The chaffing fuel was not easily visible.*

Plaintiff's own testimony and admissions establish that there is absolutely no evidence to show that the chaffing fuel could have been discovered prior to Plaintiff's fall. As Plaintiff herself admitted, the group of customers blocked her view of the chaffing fuel, she did not see the substance that she slipped in until she was already on the floor, she did not look to see whether the fuel was visible from a

standing position, she could not describe the exact location or dimensions of the substance in detail (other than it being "spread out"), she could not tell the source of the substance, how long the substance had been on the floor, or if the substance was clear or had a color. (Plaintiffs' [*sic*] Response to Defendant Sam [*sic*] East, Inc.'s Statement of Material Facts, ¶¶ 12, 14, 15, 17, 18, 23).

Contrary to Plaintiff's assertions otherwise, Plaintiff's recollection regarding the visibility of the spilled chaffing fuel is relevant to the inquiry of whether it could have been easily seen and removed by Sam's employees prior to Plaintiff's fall. Indeed, "a plaintiff's own admission that the substance was difficult to detect is often fatal to her claim of constructive knowledge." *Tolbert v. Publix Super Markets, Inc.*, 634 F. Supp. 3d 1319, 1324 (N.D. Ga. 2022), aff'd, 22-13716, 2023 WL 2493271 (11th Cir. Mar. 14, 2023).

Additionally, Plaintiff's contention that a jury could conclude that the "extent of the spill can be correlated to the extent of the cleaning of certain areas of the floor" is complete speculation without any factual or legal support. The fact that the floor was thoroughly cleaned after a customer fell is in no way indicative of the size or visibility of the spill. Since Plaintiff cannot point to anything other than her own speculation, Plaintiff has failed to show that Sam's could have easily discovered and removed the chaffing fuel prior to plaintiff's fall.

B.      *Elizabeth Billingsley was not Employed by Sam's.*

In an entirely unfounded argument without a single reference to legal or evidentiary support, Plaintiff argues that there is an issue of material fact regarding the relationship between Elizabeth Billingsley and Sam's. There is no such issue. The unimpeached, sworn declaration of Cody Speck proves that Ms. Billingsley is not an employee of Sam's East, Inc. (Speck Declaration, ¶ 5). Ms. Billingsley and her employment with Crossmark, Inc. were identified to Plaintiff in Sam's Interrogatory Responses on July 24, 2023. Since that time, Plaintiff has never sought Sam's contract with Crossmark, Inc. nor requested to depose Ms. Billingsley.

Ms. Billingsley was unequivocally not an employee of Sam's. Plaintiff's unsubstantiated assertions otherwise are insufficient to demonstrate a genuine issue of material fact or preclude summary judgment.

C.      *Plaintiff Failed to Show Any Evidence of Defendant's Negligent Maintenance, Vicarious Liability, and Negligent Training and Supervision.*

In a single sentence and without reference to any legal or factual support, Plaintiff asserts that "Summary Judgment should not be granted for Plaintiff's Claims for Negligent Maintenance of Premises, Vicarious Liability, and Negligent Training and Supervision, because those claims are dependent on the constructive knowledge of the Defendant of the spill." (Plaintiff's Brief, p. 23). Of note,

Plaintiff's utter failure to properly address Defendant's arguments as is required by Fed. R. Civ. P. 56(c) is alone sufficient for the grant of summary judgment on these claims pursuant to Fed. R. Civ. P. 56(e).

For the same reasons that Plaintiff's premises liability claim fails, Plaintiff's claim of negligent maintenance likewise fails. Additionally, since Plaintiff has failed to properly identify an employee or specific negligent act committed by a Sam's employee, summary judgment is proper as to Plaintiff's claims of vicarious liability, negligent training, and negligent supervision. *Trabue v. Atlanta Women's Specialists, LLC*, 349 Ga. App. 223, 231 (2019), aff'd, 310 Ga. 331 (2020) ("An employer's vicarious liability is derivative and imposed by statute, based solely on its status as the active tortfeasor's employer."); *Doe I v. Young Women's Christian Ass'n of Greater Atlanta, Inc.*, 321 Ga. App. 403, 408 (2013) ("In order to defeat summary judgment on [a claim for negligent training and supervision], a plaintiff must produce some evidence of incidents similar to the behavior that was the cause of the injury at issue."). In sum, these claims are all subject to summary judgment.

## IV.  CONCLUSION

WHEREFORE, Defendant Sam's East, Inc. respectfully requests that its Motion for Summary Judgment be GRANTED as to all of Plaintiff's claims.

Respectfully submitted this 5th day of July, 2024.

**DREW ECKL & FARNHAM, LLP**

/s/ Katherine I. Barton
Michael L. Miller
Georgia Bar No. 508011
303 Peachtree Street, NE          Katherine I. Barton
Suite 3500                        Georgia Bar No. 882335
Atlanta, Georgia 30308            *Attorneys for Sam's East, Inc.*
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ARGELIA SOLITO,                         )
                                        )
            Plaintiff,                  )
v.                                      )            Case 1:23-cv-03438-MLB
                                        )
SAM'S EAST, INC., JOHN DOE 1-           )
2, ABC CORP., and XYZ CORP.,            )
                                        )
            Defendants.                 )

## CERTIFICATE OF SERVICE

Today I served a copy of *Defendant Sam's East, Inc.'s Reply Brief in Support of its Motion for Summary Judgment* upon all parties to this matter by filing with the Court's CM/ECF system, which will automatically e-mail notification of same to the following counsel of record:

Adam J. Klein, Esq.
Hung Q. Nguyen, Esq.
HQ Alex Nguyen Law Firm LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
*Attorneys for Plaintiff*

I further certify that the foregoing has been prepared with Times New Roman, 14-point font, in compliance with L.R. 5.1(C).

- 17 -

This 5th day of July, 2024.

**DREW ECKL & FARNHAM, LLP**

*/s/Katherine I. Barton*
Katherine I. Barton
Georgia Bar No. 882335
*Attorneys for Sam's East, Inc.*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
bartonk@deflaw.com

14482425/1
05695-260504