## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ARGELIA SOLITO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case 1:23-cv-03438-MLB |
| | ) | |
| SAM'S EAST, INC., JOHN DOE 1- | ) | |
| 2, ABC CORP., and XYZ CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS

COMES NOW Defendant Sam's East, Inc. ("Defendant" or "Sam's") and, pursuant to Fed. R. Civ. P. 56 and Rule 56.1 of this Court's Rules, hereby files its Reply to Plaintiff's Response to Defendant's Statement of Material Facts, showing this Honorable Court as follows:

### 1.

Plaintiff Argelia Solito alleges that while at Sam's Club Store No. 6409 in Tucker, Georgia ("the store") on August 5, 2021, she slipped and fell in "oil spillage." (*See generally*, Complaint).

**Reply:**    **Rather than respond to Defendant's Statement of Material Facts individually, Plaintiff made the following general statement at the beginning of her response: "The Plaintiffs [*sic*] accept the Defendant's**

**Statement of Material Facts as to Which There is [*sic*] No Genuine Issue to be tried, except the following:…. Defendant's Statement of Material Fact #5 [and]…. Defendant's Statement of Material Fact #31." (Plaintiffs' [sic] Response to Defendant Sam [*sic*] East, Inc.'s Statement of Material Facts, p. 1). Therefore, this fact is admitted pursuant to LR 56.1(B)(2)(a)(2).**

2.

The incident was captured on the store's surveillance footage at 12:25:11 PM. (A true and accurate copy of which is being mailed to the Court via FedEx on a USB drive as **Exhibit "A"**).

**Reply:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

3.

Prior to her fall, Plaintiff was shopping alone for approximately half an hour before heading to the bakery section to get some bread. (Deposition of Plaintiff Argelia Solito, pp. 30-31:17-23, a true and accurate excerpt of which is attached to Defendant's Brief as **Exhibit "B"**).

**Reply:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

4.

The surveillance footage shows the area in the bakery section where Plaintiff fell from 11:24:54 AM to 1:24:54 PM. (Exhibit A).

**Reply:**     **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

5.

At 12:14:34 PM, a group of customers enters the bakery section. The group consists of four customers (a man in a red shirt, and three women in pink, blue, and gray shirts) with three shopping carts, who remained in the area for approximately twelve minutes in total. (Exhibit A).

**Plaintiff's Response:**     **In Defendant's Statement of Material Fact #5, the customer with the grey shirt enters the bakery area around 12:15 PM. (Picture attached hereto as Exhibit T).**

**Reply:**     **Defendant agrees with Plaintiff's Response and hereby amends this Statement of Material Fact as follows: "At 12:14:34 PM, a group of three customers (a man in a red shirt, and two women in pink and blue shirts) with two shopping carts enters the bakery section. (Exhibit A). At 12:15:29 PM, another customer (a woman with a gray shirt) with a shopping cart joins the group as they stand in the bakery section. (Exhibit A). The group of four**

**customers with three shopping carts remained in the area for approximately twelve minutes in total. (Exhibit A).**

6.

At 12:17:11 PM, the man in the red shirt begins to rearrange the items in the group's three shopping carts, transferring items from one cart to another. (Exhibit A).

**Reply:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

7.

At 12:20:12 PM, the woman in the pink shirt points to something in one of the carts, and the man in the red shirt goes over to the cart and inspects the contents, eventually pulling out a rectangular package. (Exhibit A).

**Reply:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

8.

At 12:20:48 PM, the man in the red shirt walks off screen with the package toward the back of the store, returning to the group from the back of the store with another package at12:23:42 PM. He places the package into a cart at 12:24:05 PM. (Exhibit A).

- 4 -

**Reply:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

9.

At 12:24:25 PM, a Sam's employee walks directly by the group of customers. (Exhibit A).

**Reply:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

10.

At 12:24:49 PM, Plaintiff enters the frame pushing her shopping cart from the left and stops to look at a table or merchandise for approximately 15 seconds. (Exhibit A).

**Reply:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

11.

At 12:25:07 PM, Plaintiff leaves her cart by the table of merchandise and begins walking into the main aisle behind the group of customers. (Exhibit A).

**Reply:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

12.

At her deposition, Plaintiff explained that she needed to get bread that was on the other side of the table and had to leave her cart because she could not get by the group of customers. (Plaintiff's Deposition, pp. 31:10-22; 42:2-7).

**<u>Reply</u>:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

13.

At 12:25:11 PM, as Plaintiff is walking directly behind the woman in the blue shirt, Plaintiff slips and falls to the floor. (Exhibit A).

**<u>Reply</u>:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

14.

Plaintiff did not see the substance that she slipped in until she was already on the floor. (Plaintiff's Deposition, p. 34:10-12).

**<u>Reply</u>:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

15.

At her deposition, Plaintiff admitted there was nothing preventing her from seeing the floor as she walked, other than the group of customers standing close to where the fuel was spilled. (Plaintiff's Deposition, p. 32:11-23).

**Reply:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

16.

Once on the ground, Plaintiff touched the substance and could tell it was some kind of "[o]ily and slippery substance, such as vegetable oil." (Plaintiff's Deposition, p. 34:17-18; Plaintiff's Response to Defendant's First Interrogatories ("Interrogatories"), Interrogatory No. 8, a true and correct redacted copy of which is attached to Defendant's Brief as **Exhibit "G"**).

**Reply:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

17.

Plaintiff could not tell the source of the substance, how long the substance had been on the floor, nor could she tell if the substance was clear or had a color. (Plaintiff's Deposition, pp. 35:11-12; 85:13-15; 93:3-5; Plaintiff's Response to Interrogatory No. 8).

**Reply:**     Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.

18.

Plaintiff described the substance as "spread out," but could not describe the exact location or dimensions of the substance in greater detail. (Plaintiff's Deposition, pp. 34:13-16; 43-44:17-3).

**Reply:**     Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.

19.

At 12:25:28 PM, General Manager Cody Speck enters the frame with former Market Manager Anthony Morreale, and the two go to Plaintiff's aid as she sits on the floor, along with Crossmark employee Elizabeth Billingsley, who had been handing out samples in the area. (Exhibit A; Declaration of Cody Speck ¶¶ 5-6, a true and accurate copy of which is attached to Defendant's Brief as **Exhibit "C"**).

**Reply:**     Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.

20.

At 12:25:59 PM, Mr. Speck, who is kneeling on the ground by Plaintiff closest to the group of four customers, can be seen looking around the floor and at the contents of the group of customers' three shopping carts. (Exhibit A).

**Reply:**    **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

21.

Mr. Speck was able to determine that the substance on the floor was Member's Mark 6-Hour Safe Heat Chafing Fuel with PowerPad (or another similar chafing fuel product) that had leaked onto the floor. (Speck Declaration, ¶¶ 6-7).

**Reply:**    **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

22.

Plaintiff remains on the floor until 12:30:44 PM, when Mr. Speck and Mr. Morreale help Plaintiff into a wheelchair. (Exhibit A).

**Reply:**    **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

23.

When she eventually got up from the floor after her fall, Plaintiff did not look to see whether the fuel was visible from a standing position. (Plaintiff's Deposition, p. 35:4-10).

**Reply:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

24.

Former Front-End Manager Keira Saffold arrives on the scene to fill out the Customer Incident Report and can be seen at 12:32:38 PM taking photographs of the area on her phone before wheeling Plaintiff out of the frame at 12:34:56 PM. (Speck Declaration, ¶ 9; true and accurate copies of the photographs taken by Ms. Saffold are attached to Defendant's Brief as **Exhibit "D"**).

**Reply:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

25.

At her deposition, Plaintiff was shown the photographs at her deposition and asked whether she recognized the substance causing her fall. (Plaintiff's Deposition, pp. 37-38:9-10; Exhibit "2" to Plaintiff's Deposition). Upon review of each of the

photographs, Plaintiff testified that she could not identify anything. (Plaintiff's Deposition, pp. 38-39:9-19).

**Reply:**       **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

26.

All employees of Sam East, Inc. are trained to inspect and monitor the store premises for potential hazards as they walk through the store and identify any repairs, maintenance, clean up, or other measures needed to address any issues potentially impacting customer safety. (Speck Declaration, ¶ 10; a true and accurate copy of Sam's East, Inc.'s Slip, Trip, and Fall Guidelines is attached to Defendant's Brief as **Exhibit "E"**; a true and accurate copy of Sam's East, Inc.'s Spill Clean Up Procedures is attached to Defendant's Brief as **Exhibit "F"**).

**Reply:**       **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

27.

Employees are expected to be alert, look for hazards, and correct the hazards quickly. (Exhibit E).

**Reply:**       **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

28.

Sam's employs a "clean as-you-go" method and emphasizes the importance of immediate hazard clean up by enforcing the "Towel in Pocket Program," which requires that every employee put a paper towel or pocket pad in their pocket prior to starting their shift in order to provide an easy way to immediately clean up a small spill. (Exhibit E; Exhibit F).

**Reply:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

29.

If an employee notices any hazard on the floor, the employee immediately blocks off the spill, calls for assistance, and monitors the spill until it is cleaned up in order to prevent a customer or another employee from coming in contact with the spill or tracking it through the store. (Exhibit F).

**Reply:** **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

30.

In this case, an employee walked through the area of the subject incident at 11:46:00 AM, 11:46:10 AM, 11:47:26 AM, and 12:24:25 PM (less than one minute prior to Plaintiff's fall). (Exhibit A).

**Reply**:      **Defendant incorporates by reference its reply to Defendant's Statement of Material Fact Paragraph 1 as if fully stated herein.**

31.

Despite noticing the leaking package of fuel, taking it out of the cart, and replacing it with an undamaged package, the group of customers never notified an employee of the spill, but continued to stand over it until Plaintiff's fall. (Exhibit A, 12:20:12 PM to 12:25:11 PM).

**Plaintiff's Response**:      **The area of the incident, in reference to Defendant's floor plan of the subject store, is generally between the "commercial bakery" and "Chips and Snacks" shelves and below the "wine" shelves. See floor plan attached to Plaintiff's Brief as Exhibit N, area of incident is noted by a red circle.**

**Around 12:23 P.M., the man in the red shirt, while carrying a different, not leaking package to replace the previous, alleged leaking package, is seen signaling to the package, lifting his arm, and gesturing in a direction while interacting with someone wearing a yellow safety vest. See pictures attached to Plaintiff's Brief as Exhibit E. Individuals in the Sam's Club wearing yellow safety vests are employees of Sam's Club. See picture attached to Plaintiff's Brief as Exhibit U. In reference to the floor plan, the interaction between the**

two individuals occurs is located straight north of the area of the subject incident and at around the same horizontal level as the aisles of "Laundry/Homecare" found on the right side of the floor plan. <u>See</u> floor plan attached to Plaintiff's Brief as Exhibit N, location of interaction is noted by a yellow circle.

After said interaction, at around 12:23:44 P.M., the employee wearing the yellow safety vest appears to walk in the same direction as the man in the red shirt when the man in the red shirt was carrying the allegedly leaking product. The Sam's Club store No. 6409 at 1940 Mountain Industrial Blvd. Tucker, Georgia 30084 has inventory of the Member's Mark 6-Hour Safe Heat Chafing Fuel with PowerPad and the aisle containing the product can be seen from the area where the man in the red shirt and the employee in the yellow safety vest were discussing. <u>See</u> picture attached to Plaintiff's Brief as Exhibit V. In reference to Defendant's floor plan of the Sam's Club store No. 6409, the aisle with the chafing fuel inventory is at the top of the page where it says, "Restaurant Supplies." <u>See</u> floor plan attached to Plaintiff's Brief as Exhibit N, location of chafing fuel inventory is noted by a blue arrow.

<u>Reply</u>:      Defendant objects to Plaintiff's narrative response to Defendant's Statement of Material Fact Paragraph 31, which is both beyond

the scope of this undisputed material fact and is entirely based on Plaintiff's unsupported speculation. This is not a "response," but rather "[a] statement of additional facts which the respondent contends are material and present a genuine issue for trial. Such *separate statement* of material facts must meet the requirements set out in LR 56.1(B)(1)." LR 56.1(B)(2)(b) (emphasis added).

Additionally, Plaintiff's narrative "response" never specifically admits or denies the allegations in Defendant's Statement of Material Fact Paragraph 31 and should therefore be deemed admitted pursuant to LR 56.1(B)(2)(a)(2).

Defendant objects to Plaintiff's response on the grounds that the photographs depicted in Plaintiff's Exhibits U and V were never produced during discovery, nor has Plaintiff supplemented her discovery responses to identify the date said photographs were taken and the name and address of the individual(s) who took the photos. Subject to and without waiving the foregoing, Defendant replies to Plaintiff's response as follows:

Defendant denies that the red circle in Plaintiff's Exhibit N accurately depicts the location of the incident, which actually occurred three rows down from Plaintiff's depiction. (*See* Exhibit A; Exhibit D, p. 4-5).

Defendant admits that the man in the red shirt appears to be speaking to an individual in a yellow vest from approximately 12:22:58 PM to 12:23:15 PM.

Defendant admits that some employees of Sam's wear yellow vests, but specifically denies that all "[i]ndividuals in the Sam's Club wearing yellow safety vests are employees of Sam's Club" as Plaintiff suggests. Third-party contractors, employees of Crossmark, and regular customers are also known to wear yellow vests on occasion. Thus, Defendant denies that the fact that the individual was wearing a yellow vest proves that he was a Sam's employee. There simply is no evidence in the record regarding the identity of the person in the yellow vest.

Defendant generally admits that the man in the red shirt appears to lift his arm, but denies that the surveillance footage is clear enough to show, outside of speculation, that the man is "signaling to the package" or "gesturing" to anything specifically. Defendant generally admits that the location of the conversation between the man in the red shirt and the individual in a yellow vest is approximately five to six rows above the area of the subject incident (See Exhibit A) but denies that the yellow circle depicted on Plaintiff's Exhibit N accurately depicts the location of said conversation. There simply is no evidence in the record regarding the content of this conversation.

Defendant admits that at approximately 12:25:15PM, the man in the red shirt and the individual in a yellow vest stop interacting and both separately

walk toward the front of the store. Defendant admits that the man in the red shirt rejoins the group of customers in the bakery section while the individual in a yellow vest makes a left turn at 12:23:40 PM and disappears from view at 12:23:50 PM. Defendant specifically denies any and all allegations or implications that the individual in a yellow vest traversed through the store in response to his conversation with the man in the red shirt. There simply is no evidence in the record regarding the activities of the person in the yellow vest.

Defendant admits that it has "inventory" of Member's Mark 6-Hour Safe Heat Chafing Fuel with PowerPad. Defendant denies that the Member's Mark 6-Hour Safe Heat Chafing Fuel with PowerPad can be seen from the area in which the man in the red shirt interacted with the individual in a yellow vest. Defendant generally admits that that the location of the Member's Mark 6-Hour Safe Heat Chafing Fuel with PowerPad is in the approximate location of the blue arrow on Plaintiff's Exhibit N.

Respectfully submitted, this 5th day of July, 2024.

**DREW ECKL & FARNHAM, LLP**

*/s/ Katherine I. Barton*
Michael L. Miller
Georgia Bar No. 508011
Katherine I. Barton
Georgia Bar No. 882335
*Attorneys for Sam's East, Inc.*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ARGELIA SOLITO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case 1:23-cv-03438-MLB |
| | ) | |
| SAM'S EAST, INC., JOHN DOE 1- | ) | |
| 2, ABC CORP., and XYZ CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

Today I served a copy of *Defendant Sam's East, Inc.'s Reply to Plaintiff's Response to Defendant's Statement of Material Facts* upon all parties to this matter by filing with the Court's CM/ECF system, which will automatically e-mail notification of same to the following counsel of record:

Adam J. Klein, Esq.
Hung Q. Nguyen, Esq.
HQ Alex Nguyen Law Firm LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
*Attorneys for Plaintiff*

I further certify that the foregoing has been prepared with Times New Roman, 14-point font, in compliance with L.R. 5.1(C).

This 5th day of July, 2024.

**DREW ECKL & FARNHAM, LLP**

*/s/Katherine I. Barton*
Katherine I. Barton
Georgia Bar No. 882335
*Attorneys for Sam's East, Inc.*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
bartonk@deflaw.com

14467098/1
05695-260504