IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARGELIA SOLITO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case 1:23-cv-03438-MLB |
| ) | |
| SAM'S EAST, INC., JOHN DOE 1- ) | |
| 2, ABC CORP., and XYZ CORP., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION**

COMES NOW Defendant Sam's East, Inc. ("Sam's" or "Defendant" herein) and, pursuant to Local Rule 7.2(E), respectfully moves this Court to reconsider its March 31, 2025 Order granting in part and denying in part Defendant's Motion for Summary Judgment, showing this Court as follows:

**I.   INTRODUCTION**

On June 3, 2024, Defendant Sam's East, Inc. filed its Motion for Summary Judgment as to all of Plaintiff's claims arising from a slip-and-fall incident in which Plaintiff allegedly sustained personal injuries after slipping on chafing fuel spilled by another customer on August 5, 2021. (*See generally* Dkt. 23-1). On March 31, 2025, this Court entered an Order granting in part and denying in part Defendant's Motion. (Dkt. 33). Specifically, this Court granted summary judgment on all of

Plaintiff's claims (including negligent maintenance, negligence per se, vicarious liability, and negligent training and supervision), but denied summary judgment on Plaintiff's premises liability claim. (*Id.*).

In denying summary judgment on premises liability, the Court found that Defendant failed to present "evidence [that] its employees adhered to and conducted the inspection program at the time of the fall." (*Id.* at 19). In reaching this conclusion, the Court declined to consider Defendant's argument that an eleven-minute timeframe is legally insufficient to establish constructive knowledge under Georgia law, reasoning that Defendant first raised the issue in its reply brief. (*Id.* at 22, n.4). However, as set forth below, Defendant properly presented this argument in its initial motion and merely elaborated on it in response to Plaintiff's arguments in opposition.

Defendant respectfully submits that had the Court properly considered this argument, it would have concluded that there was no evidence of constructive knowledge, and that Defendant was entitled to summary judgment on all claims. Accordingly, Defendant respectfully requests that the Court reconsider its Order and grant Defendant's Motion for Summary Judgment in its entirety.

## II. LEGAL STANDARD

"The decision to grant a motion for reconsideration is committed to the district court's sound discretion." *Blok Indus., Inc. v. Sisloy, LLC*, 2:20-CV-00224-SCJ, 2022 WL 17940381, at *2 (N.D. Ga. Oct. 17, 2022) (citing *Florida Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216 (11th Cir. 2000)). Under local Rule 7.2(E), "motions for reconsideration are not to be filed as a matter of course, but only when 'absolutely necessary.'" *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258 (N.D. Ga. 2003). "Reconsideration is only 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Id.* at 1258–59; *see Blok Indus., Inc., supra* (granting the defendant's motion for reconsideration of prior order denying defendant's motion for summary judgment to correct an error of fact); *Davis v. Daniels*, 655 Fed. Appx. 755, 760 (11th Cir. 2016) (affirming grant of motion for reconsideration based on clear error of overlooking undisputed fact in ruling on motion for summary judgment). As set forth in detail below, Defendant respectfully submits that reconsideration is necessary in this case to correct a clear error of law or fact.

### III. ARGUMENT AND CITATION TO AUTHORITY

In its Order, the Court declined to consider Defendant's argument that an eleven-minute timeframe is legally insufficient to establish constructive knowledge, concluding that Defendant raised this issue for the first time in its reply brief. (Dkt. 33, n. 4). Although it is true that "[a]rguments raised for the first time in a reply brief are not properly before a reviewing court," that principle does not apply here. *United States v. Coy*, 19 F.3d 629, 632 n.7 (11th Cir. 1994).

The underlying rationale for disregarding new arguments raised in a reply brief is to avoid prejudicing the opposing party, who otherwise would have no opportunity to respond. *See AMC Cobb Holdings, LLC v. Plaze, Inc.*, 2019 WL 13207581, at *5 (N.D. Ga. Dec. 11, 2019). That concern is not present here. Defendant's argument did not rely on a new theory or an undisclosed fact. Rather, the timing of the spill was a central and undisputed part of the record, discussed extensively by both parties throughout their briefing.

From the outset, Defendant's initial motion repeatedly referenced the temporal relationship between the spill and Plaintiff's fall, including in the context of its constructive knowledge argument. (*See* Dkt. 23-1, pp. 15-17). Thus, the argument was not newly introduced in the reply. Moreover, Defendant's argument that eleven minutes is insufficient to establish constructive knowledge was made

directly in response to Plaintiff's argument that Defendant's inspection program was unreasonable. (*See* Dkt. 29, p. 15).

As this Court has recognized, "[i]t is hard to see how a reply brief that responds directly to an argument made in an opposition brief improperly raises a 'new' argument." *Miller v. City of Atlanta, Georgia*, 2022 WL 4587848, at *4 (N.D. Ga. Sept. 29, 2022). Because Defendant properly raised and preserved the timing issue in its initial motion, and merely elaborated in reply to address Plaintiff's response, the argument was properly before the Court and should have been considered.

> **A.    Defendant Raised the Eleven-Minute Timeframe Argument in Its Initial Brief.**

In Defendant's initial brief, the timeline of events - particularly the length of time the spill remained on the floor before Plaintiff's fall - was a central focus. Defendant specifically argued that to establish constructive knowledge, Plaintiff must show either: (1) a Sam's Club employee was in the immediate area and could have easily seen the hazard, or (2) <u>the hazard existed long enough that ordinary diligence should have discovered it</u>. (Dkt. 23-1 at 15–16 (quoting *Brown v. Host/Taco Joint Venture*, 305 Ga. App. 248, 250 (2010)) (emphasis added)).

In support of this argument, Defendant highlighted surveillance footage showing that the shopping cart leaking chafing fuel entered the area where Plaintiff

fell at 12:14:45 p.m. - less than eleven minutes before Plaintiff's fall. (Dkt. 23-1 at 16). Defendant also cited *Bolton v. Wal-Mart Stores, Inc.*, 257 Ga. App. 198, 198 (2002), noting that constructive knowledge was not established where a clear liquid was undetectable, and an employee had inspected the area *ten to fifteen minutes* before the fall. (Dkt. 23-1 at 17) (emphasis added).

Additionally, Defendant emphasized that "in the absence of evidence [that] a reasonable inspection would have discovered the foreign substance, no inference can arise that defendant's failure to discover the [defect] was the result of its failure to inspect." *Hopkins v. Kmart Corp.*, 232 Ga. App. 515, 518 (1998) (citation and punctuation omitted). Defendant then reiterated that the undisputed evidence showed the spill occurred only eleven minutes before Plaintiff's fall. (Dkt. 23-1 at 19). Thus, Defendant clearly and repeatedly made the timing of the spill and its significance under Georgia constructive knowledge law a key part of its initial argument.

### B. Defendant's Reply Brief Expanded on a Previously Established Argument.

As demonstrated above, the amount of time the spill was present prior to Plaintiff's fall was a critical component of Defendant's initial argument. Defendant's reply brief did not raise a new theory but simply expanded upon this argument in response to Plaintiff's specific opposition. Courts routinely recognize that a reply brief may properly elaborate on an original position or respond directly to arguments

raised in the opposing party's brief, without being deemed to assert a "new" argument.

In *Miller v. City of Atlanta, Georgia*, the defendant objected that the plaintiffs raised "new arguments" in their reply brief by citing additional case law regarding a previously asserted issue. 2022 WL 4587848, at *4 (N.D. Ga. Sept. 29, 2022). This Court rejected the defendant's assertion, explaining that it is "disingenuous at best" to claim that a reply brief responding directly to points made in an opposition improperly raises new arguments. *Id.* The court reasoned that because the plaintiffs' reply merely supported their original position with additional authority in response to arguments made by the defendant, the reply was entirely proper. *Id.*

Likewise, in this case, Defendant's reply brief did not introduce a new theory, but properly expanded upon the constructive knowledge arguments made in its initial motion. In both its initial brief and reply brief, Defendant argued that when there is no evidence that a hazard could have been discovered during a reasonable inspection, no inference arises that the defendant's failure to discover the hazard was due to inadequate inspection. (Dkt. 23-1 at 19 (citing *Hopkins v. Kmart Corp.*, 232 Ga. App. 515, 518 (1998); Dkt. 30 at 11 (citing *Chastain v. CF Georgia N. Dekalb L.P.*, 256 Ga. App.802, 803 (2002)). Defendant's reply brief merely expanded upon this argument in the context of Plaintiff's response brief.

This is not a situation where Defendant improperly introduced a new argument with new, heretofore unmentioned facts, but rather an appropriate elaboration on a point that was central to Defendant's initial motion. As such, Defendant's expansion on its constructive knowledge argument in the context of the timing of the spill should have been considered by this Court.

### C. Defendant's Argument Directly Responded to Arguments Raised in Plaintiff's Response Brief.

Even if this Court should find that Defendant failed to raise the issue of the timing of the spill in its initial motion, the argument is still properly considered by the Court as a direct response to arguments first raised in Plaintiff's response brief. It is well-established that while a movant may not raise wholly new arguments in a reply brief, it may respond to arguments first raised by the non-movant. *See Reliance Ins. Co. of Illinois, Inc. v. Richfield Hosp. Servs., Inc.*, 92 F. Supp. 2d 1329, 1332 (N.D. Ga. 2000); *Banks v. McIntosh Cnty., Georgia*, 530 F. Supp. 3d 1335, 1377, n. 28 (S.D. Ga. 2021); *Brown v. MUY Pizza-Tejas, LLC*, 2024 WL 3491659, at *5 (N.D. Ga. July 18, 2024); *Miller v. City of Atlanta, Georgia*, 2022 WL 4587848, at *4 (N.D. Ga. Sept. 29, 2022). As the Court observed in *Thigpen v. Nissan Motor Co.*, a reply brief is expected to respond directly to an argument made in an opposition brief - "[t]hat's what a good reply brief *should* do." 2023 WL 2760056, at *4 (N.D. Ga. Mar. 31, 2023) (emphasis in original).

Here, Plaintiff's response brief specifically challenged the adequacy of Defendant's inspection program, arguing that Defendant's written procedures "do not outline how often the safety sweeps occur," even specifically pointing out that the written procedures "does not describe the frequency of a sweep for a Thursday." (Dkt. 29 at 12-13, 15). Plaintiff further contended that Defendant's employee inadequately executed the inspection because he allegedly "did not check <u>underneath</u> the patrons" blocking the spill. (*Id.* at 18) (emphasis added).

In reply, Defendant directly addressed these criticisms by citing longstanding Georgia law establishing "[i]f there is no evidence that the [chaffing fuel] could have been discovered during a reasonable inspection, then no inference arises that defendants' failure to discover the defect was the result of any alleged failure to inspect." (Dkt. 30 at 11 (quoting *Chastain v. CF Georgia N. Dekalb L.P.*, 256 Ga. App. 802, 803 (2002)). Defendant's reliance on the undisputed eleven-minute timeframe was not a new argument but a direct and appropriate rebuttal to Plaintiff's challenge to its inspection practices.

This is precisely the type of situation recognized in *Reliance Ins. Co. of Illinois, Inc.*, where this Court explained that even if an argument could have been made sooner, it remains properly considered when it is a direct response to new matters raised by the non-movant. *Reliance Ins. Co. of Illinois v. Richfield Hosp.*

*Servs., Inc.*, 92 F. Supp. 2d at 1332. Accordingly, Defendant's reliance on the eleven-minute timeframe was properly before the Court as a direct and necessary response to arguments Plaintiff raised for the first time in her opposition brief.

## IV. Conclusion

The Court's Order denies Defendant's Motion for Summary Judgment on premises liability grounds, reasoning that "no evidence indicates its employees adhered to and conducted the inspection program at the time of the fall." However, if the Court had considered Defendant's argument regarding Georgia's long-established rule that a proprietor must be afforded a reasonable time to discover and correct a hazardous condition, summary judgment should have been granted. Under controlling Georgia authority, the adequacy of an inspection program is irrelevant when the hazard existed for only a brief period insufficient to allow discovery and remediation. Accordingly, Defendant respectfully requests that the Court reconsider its ruling and grant summary judgment in its favor.

Respectfully submitted this 28th day of April, 2025.

**DREW ECKL & FARNHAM, LLP**

*/s/ Katherine I. Barton*
Michael L. Miller
Georgia Bar No. 508011
Katherine I. Barton
Georgia Bar No. 882335
*Attorneys for Sam's East, Inc.*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ARGELIA SOLITO,  )<br>)<br>Plaintiff,  )<br>v.  )<br>)<br>SAM'S EAST, INC., JOHN DOE 1-  )<br>2, ABC CORP., and XYZ CORP.,  )<br>)<br>Defendants.  ) | Case 1:23-cv-03438-MLB |

## **CERTIFICATE OF SERVICE**

Today I served a copy of *Defendant Sam's East, Inc.'s Motion for Reconsideration* upon all parties to this matter by filing with the Court's CM/ECF system, which will automatically e-mail notification of same to the following counsel of record:

Adam J. Klein, Esq.
Hung Q. Nguyen, Esq.
HQ Alex Nguyen Law Firm LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
*Attorneys for Plaintiff*

I further certify that the foregoing has been prepared with Times New Roman, 14-point font, in compliance with L.R. 5.1(C).

This 28th day of April, 2025.

**DREW ECKL & FARNHAM, LLP**

*/s/Katherine I. Barton*
Katherine I. Barton
Georgia Bar No. 882335
*Attorneys for Sam's East, Inc.*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
bartonk@deflaw.com

15192972/1
05695-260504