IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARGELIA SOLITO,<br>    Plaintiff,<br><br>v.<br><br>SAM'S EAST, INC.,<br>JOHN DOE 1-2,<br>ABC CORP., and XYZ CORP.,<br>    Defendants. | CIVIL ACTION<br>FILE NO. 1:23-cv-03438-MLB |

## **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

COMES NOW, Plaintiff Argelia Solito filing this response in opposition to Defendant Sam's East, Inc.'s Motion for Reconsideration moving this Court to Reconsider its March 31st, 2025, Order granting in part and denying in Part Defendant's Motion for Summary Judgment, showing this Court as follows:

## I.    INTRODUCTION

Plaintiff filed the instant action in the State Court of Dekalb County seeking damages for injuries she sustained as the result of slip and fall incident at Defendant Sam's East, Inc. store located in Tucker, Georgia. On August 2nd, 2023, this action was removed to this Court via Notice of Removal filed by Defendant. *See* Dkt. 1. On June 3rd, 2024, Defendant filed a Motion for Summary Judgement as to all claims asserted by Plaintiff against Defendant. *See* Dkt. 23. Plaintiff subsequently filed her

1

response to Defendant's Motion for Summary Judgment on June 21ˢᵗ, 2024. *See* Dkt. 27. Defendant submitted a Reply Brief in response to Plaintiff's Opposition on July 5ᵗʰ, 2024. *See* Dkt. 30.

On March 31ˢᵗ, 2025, this Court issued an Order granting summary judgement in part and denying summary judgement in part. *See* Dkt. 33. Defendant filed the instant Motion for Reconsideration asserting that it was a clear error of law or fact for the Court to deny summary judgement on premises liability because the Court declined to consider Defendant's argument that an eleven-minute timeframe was legally insufficient for discovery of the hazard on the basis that the first time that this argument was raised was in Defendant's Reply Brief. *See Id.* at n.4; Dkt. 34 at 2-3.

Plaintiff respectfully contends that the Court's finding declining to consider the Defendant's argument regarding the legal sufficiency of the eleven-minute timeframe for discovery was correct, and the argument was raised for the very first time in the Defendant's Reply Brief. For that reason, Plaintiff respectfully requests that the Court deny Defendant's Motion for Reconsideration.

## II.   LEGAL STANDARD

Under Local Rule 7.2(E), motions for reconsideration are not to be filed "as a matter of routine practice," and should only be filed when "absolutely necessary."

*See* N.D. Ga. Local R. 7.2(E) (2024); *See also Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). A motion for reconsideration is "absolutely necessary" when there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. *See Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (citing *Jersawitz v. People TV*, 71 F. Supp. 2d 1330 (N.D. Ga. 1999); *Paper Recycling, Inc. v. Amoco Oil Co.*, F. Supp. 971, 678 (N.D. Ga. 1993)). Defendant contends that the Court made a clear error of law or fact in declining to consider its newly raised argument, Plaintiff disagrees for the reasons that follow.

### III.   ARGUMENT AND CITATION TO AUTHORITY

As the Court properly found in its March 31st, 2025, Order, "Arguments raised for the first time in a reply brief are not properly before a reviewing court." *See* Dkt. 33 at n.4; *United States v. Coy*, 19 F. 3d 629, 632 n.7 (11th Cir. 1994). It is impermissible to raise an issue for the first time in a reply brief because the other party is not afforded the opportunity of a response. *See United States v. Benz*, 740 F.2d 903, 916 (11th Cir. 1984) (citing *knighten v. Commissioner of Internal Revenue*, 702 F.2d 59, 60 (5th Cir 1983) (holding "It is impermissible to mention an issue for

3

the first time in a reply brief, because the appellee then has no opportunity to respond." (citations omitted))).

Defendant contends that "the timing of the spill was a central and undisputed part of the record, discussed extensively by both parties throughout their briefing." *See* Dkt. 34 at 4. While the time that the spill occurred and the amount of time in which the spill remained on the floor are referenced throughout the party's previous briefs on this matter, what is conspicuously absent is any reference to eleven minutes being a legally insufficient time period for the discovery of the hazard.

### A. Defendant Does Not Contend in its Initial Brief That the Eleven-Minute Timeframe was Legally Insufficient Time for The Discovery of The Spill

In Defendant's Motion to Reconsider it asserts "Defendant's initial motion repeatedly referenced the temporal relationship between the spill and Plaintiff's fall, including in the context of its constructive knowledge argument." *See* Dkt. 34 at 4. In Defendant's initial Brief, within the context of its argument concerning constructive knowledge, mentions the eleven minute timeframe exactly once. *See* Dkt. 23-1 at 16. Defendant makes offhand mention of the eleven-minute timeframe while discussing the Plaintiff's knowledge of the amount of time that the fuel had been on the floor. *See id.* This argument is not about giving a proprietor a reasonable amount of time for discovery of a hazard as was argued in Defendant's Reply Brief

4

but is instead about the discoverability of the spill by ordinary diligence. *See id.* at 16-17; Dkt. 30 at 11.

Defendant attempted to argue the second prong of the test articulated in *Brown v. Host/Taco Joint Venture*, which is whether the hazard existed long enough that ordinary diligence by employees should have discovered it. *See Brown v. Host/Taco Joint Venture*, 305 Ga. App. 248, 250 (2010); *See also* Dkt. 23-1 at 16. Defendant focuses and discusses almost exclusively the visibility of the spill, based on Plaintiff's deposition testimony, the surveillance video of the incident, and a string citation to cases making findings on the visibility of a hazard. *See* Dkt. 23-1 at 15-18.

Later in Defendant's initial Brief regarding the Plaintiff's claim for Negligent Maintenance of the Premises, once again mentions the eleven-minute timeframe. *See* Dkt. 23-1 at 19. However, as in the constructive knowledge section of its Brief, Defendant is making argument on the visibility and discoverability of the spill, not that the timeframe is legally insufficient no matter its inspection procedures. *See id.* at 19-20.

   **B. Defendant Does Not Expand Upon a Previously Asserted Argument, But Instead Fashions a New Theory From Previously Asserted Facts**

Defendant is correct in its assertion that it argued that "there is no evidence that a hazard could have been discovered during a reasonable inspection, no inference arises that the defendant's failure to discover the hazard was due to inadequate inspection." *See* Dkt. 34 at 7 (citations omitted). However, the arguments significantly deviate from one another in its initial Brief and in its Reply Brief.

In its Initial Brief, as discussed above, the focus and crux of the Defendant's argument is the visibility of the spill, and the legal consequence of the spill's level of visibility. *See* Dkt. 23-1 at 15-20. In Defendant's Reply Brief, it is specifically argued for the first time that eleven minutes is simply not enough time for a reasonable inspection to discover the hazard. *See* Dkt. 31 at 11-12.

This is not an expansion upon a previous argument, but rather an attempt to argue a new legal theory regarding a previously asserted set of facts, which courts have held is impermissible. *See AMC Cobb Holdings, LLC v. Plaze, Inc.*, 2019 U.S. Dist. LEXIS 243824 at 12-13 (N.D. Ga. 2019) (finding new legal theories, utilizing the same set of facts, arguing for the dismissal of a plaintiff's claims for trespass raised for the first time in a defendant's reply brief need not be considered); *Timson v. Sampson*, 518 F 3d 870, 874 (11th Cir. 2008) (holding that a plaintiff's failure to put forth a theory regarding a jurisdictional issue revolving around a count plead in

6

the initial complaint waived the plaintiff's ability to make said argument in a reply brief).

Defendant is attempting to fashion a brand-new argument regarding a fact that, yes, it has asserted, but that it did not place legal significance on in its initial Brief, and for that reason should not be considered.

### C. Defendant Does Not Directly Rebut a New Argument Raised in Plaintiff's Responsive Brief

Defendant relies on *Reliance Ins. Co. Illinois, Inc. v. Richfield Hospitality Servs.*, for the proposition that even if an argument could have been raised in an earlier pleading, "it remains properly considered when it is a direct response to new matters raised by the non-movant." *See Reliance Ins. Co. of Ill. v. Richfield Hospitality Servs.*, 92 F. Supp. 1329, 1332 (N.D. Ga. 2000); Dkt. 34 at 9. Defendant, however, is not responding to a new matter raised by Plaintiff. The issue of reasonability of the inspection procedures was directly addressed in Defendant's initial Brief and in Plaintiff's responsive Brief.

In Defendant's initial Brief, Defendant argues that a reasonable inspection procedure would not have discovered the spill and therefore no inference can be drawn that the failure to discover the hazard was a result of its failure to inspect. Dkt. 23-1 at 19 (citing *Hopkins v. Kmart Corp.*, 232 Ga. App. 515, 518 (1998)). Further,

in Defendant's Reply Brief it directly rebutted the Plaintiff's argument on the reasonableness of its inspection procedures by citing to numerous cases where court's have found similar inspection procedures to be reasonable. Dkt. 30 at 7-11. Defendant's argument regarding the eleven-minute timeframe in which the spill existed is a new argument raised in addition to its previous extensive argument on the visibility of the spill itself, it is plainly not in rebuttal to the reasonable. Dkt. 30 at 11-13.

Plaintiff in her responsive Brief, as Defendant contends, raise temporal issues as it relates to the inspection procedures. Dkt. 29 at 12-13, 15. However, Plaintiff raises those concerns to highlight the lack of specificity in the inspection procedures outlined by Defendant and its representatives and arguing their reasonability. Plaintiff is not arguing that the spill existed for so long as to infer that constructive knowledge exists. Hence, Defendant's argument regarding the eleven-minute timeframe's legal sufficiency for discovery is an expansion of its own argument related to the visibility of the spill and not in rebuttal to arguments made by Plaintiff in response.

## IV. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion for Reconsideration.

Respectfully submitted this 12th day of May, 2025.

                                          **770GOODLAW, H.Q. ALEX NGUYEN LAW FIRM, LLC**

                                          By:  */s/ Stephen J. Valero*
                                                    Stephen J. Valero, Esq.
                                                    GA State Bar No.: 184083
                                                    Hung Q. Nguyen, Esq.
                                                    GA State Bar No.: 940370

5495 Jimmy Carter Blvd., Suite B-17         Attorneys for Plaintiff
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com