IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARGELIA SOLITO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case 1:23-cv-03438-MLB |
| ) | |
| SAM'S EAST, INC., JOHN DOE 1- ) | |
| 2, ABC CORP., and XYZ CORP., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT
OF ITS MOTION FOR RECONSIDERATION**

COMES NOW Defendant Sam's East, Inc. ("Sam's" or "Defendant" herein) and files this Reply Brief in Support of its Motion for Reconsideration of the Court's March 31, 2025 Order granting in part and denying in part Defendant's Motion for Summary Judgment, showing this Court as follows:

### I.   INTRODUCTION

Plaintiff's Response Brief[1] mischaracterizes both the record and applicable law. Defendant's Motion for Reconsideration is not an attempt to introduce a new theory, but rather a request that the Court consider an argument that was raised in

---

[1] Of note, Plaintiff's Response in Opposition to Defendant's Motion for Reconsideration was signed by an attorney who has not entered an appearance in this case, in violation of Fed. R. Civ. P. 11(a) and Local Rule 83.1(D)(1).

Defendant's Initial Brief and further developed in Defendant's Reply Brief in response to Plaintiff's own contentions. Defendant consistently argued that the short duration the spill was present was insufficient as a matter of law to establish constructive knowledge. Plaintiff's opposition brief challenged the adequacy of Defendant's inspection procedures, prompting Defendant to respond that the brevity of time rendered those challenges legally irrelevant under controlling Georgia precedent. This is the precise purpose of a reply brief.

## II.     RESPONSE TO PLAINTIFF'S ARGUMENTS

### A.     Plaintiff's Own Brief Confirms Defendant Raised the Timing Argument from the Start.

Plaintiff's Response Brief contends that "Defendant makes offhand mention of the eleven-minute timeframe while discussing the Plaintiff's knowledge of the amount of time that the fuel had been on the floor." (Dkt. 35 at 4). This characterization is both inaccurate and misleading. Defendant's Initial Brief did not merely reference the eleven-minute timeframe in passing, nor was the reference limited to Plaintiff's own knowledge. Instead, Defendant explicitly identified the two avenues for proving constructive knowledge under Georgia law (by either proving (1) a Sam's employee was in the immediate area and could have easily seen the hazard, or (2) the hazard existed long enough that ordinary diligence should have discovered it) and immediately stated that the fuel entered the area where Plaintiff

- 2 -

fell less than eleven minutes before the incident – in other words, that the hazard had not existed long enough to be discovered through ordinary diligence. (Dkt. 23-1 at 15–16).

Defendant's discussion of Plaintiff's inability to establish how long the fuel was present was part of a broader argument: that the short duration of time rendered it legally insufficient to impute constructive knowledge to Defendant under Georgia law. Far from an "offhand remark," this was a central factual point supporting summary judgment.

Moreover, Plaintiff concedes that Defendant addressed the timing of the spill elsewhere in its Initial Brief, specifically in the section addressing Plaintiff's "negligent maintenance" claim. Though the argument was asserted under the section responding to Plaintiff's negligent maintenance claims rather than premises liability, as discussed in Defendant's Initial Brief (and acknowledged in this Court's March 31, 2025 Order), Plaintiff's negligent maintenance claim is not independent of the premises liability claim, but merely a continuation of it. (Dkt. 23-1 at 18; Dkt. 33 at 11).

Defendant argued clearly that "in the absence of evidence [that] a reasonable inspection would have discovered the foreign substance, no inference can arise that defendant's failure to discover the [defect] was the result of its failure to inspect."

*Hopkins v. Kmart Corp.*, 232 Ga. App. 515, 518 (1998). Defendant then tied that legal standard to the undisputed evidence that the fuel was spilled from another customer's shopping cart just eleven minutes before Plaintiff's fall. (Dkt. 23-1 at 19).

Plaintiff attempts to draw a distinction between arguments concerning the "visibility/discoverability" of the spill, which she concedes was raised in Defendant's Initial Brief, and the "legal sufficiency of the timeframe," which she argues was raised for the first time in reply. But under Georgia law, these concepts are inseparable. A hazard's discoverability is directly tied to how long it remained on the floor—if the spill existed for only a brief period, as here, the law presumes the proprietor lacked a reasonable opportunity to discover and correct it, regardless of its visibility. The visibility of the spill cannot be evaluated in a vacuum but rather must be assessed in the context of duration, which is precisely what Defendant did.

In sum, Defendant raised the legal significance of the eleven-minute timeframe in its Initial Brief as part of its broader constructive knowledge argument. Plaintiff's attempt to isolate or reframe that discussion as a new theory is both incorrect and unsupported by the record. The Court should reconsider its prior ruling and grant summary judgment on the premises liability claim.

## B. Defendant Properly Expanded on its Timing Argument in Direct Response to Plaintiff's Challenge to the Inspection Program.

Plaintiff's Response Brief confirms that Defendant's Reply Brief argument regarding the sufficiency of the eleven-minute timeframe was a direct response to Plaintiff's contentions about the alleged inadequacy of Sam's inspection procedures. Specifically, Plaintiff argued that the procedures lacked sufficient specificity and were therefore unreasonable. (Dkt. 35 at 8). This line of argument invited a legal response, and Defendant provided one.

Defendant's Reply Brief appropriately countered Plaintiff's argument by highlighting Georgia precedent holding that when a hazard has only existed for a short period of time, the adequacy of inspection procedures is immaterial. *See, e.g., Hopkins v. Kmart Corp.*, 232 Ga. App. 515, 518 (1998). In other words, Defendant did precisely what courts routinely permit in reply briefing: it responded directly to new arguments raised in Plaintiff's Response Brief by further developing an existing position grounded in the same set of facts.

Plaintiff's Response attempts to isolate Defendant's timing argument as a supposed "new legal theory" removed from Defendant's broader discussion of visibility and discoverability in the context of constructive knowledge. However, under Georgia law, these concepts are inextricably linked. Whether a spill was visible or discoverable depends on how long it was present and whether that duration


## B. Defendant Properly Expanded on its Timing Argument in Direct Response to Plaintiff's Challenge to the Inspection Program.

Plaintiff's Response Brief confirms that Defendant's Reply Brief argument regarding the sufficiency of the eleven-minute timeframe was a direct response to Plaintiff's contentions about the alleged inadequacy of Sam's inspection procedures. Specifically, Plaintiff argued that the procedures lacked sufficient specificity and were therefore unreasonable. (Dkt. 35 at 8). This line of argument invited a legal response, and Defendant provided one.

Defendant's Reply Brief appropriately countered Plaintiff's argument by highlighting Georgia precedent holding that when a hazard has only existed for a short period of time, the adequacy of inspection procedures is immaterial. *See, e.g., Hopkins v. Kmart Corp.*, 232 Ga. App. 515, 518 (1998). In other words, Defendant did precisely what courts routinely permit in reply briefing: it responded directly to new arguments raised in Plaintiff's Response Brief by further developing an existing position grounded in the same set of facts.

Plaintiff's Response attempts to isolate Defendant's timing argument as a supposed "new legal theory" removed from Defendant's broader discussion of visibility and discoverability in the context of constructive knowledge. However, under Georgia law, these concepts are inextricably linked. Whether a spill was visible or discoverable depends on how long it was present and whether that duration

afforded an opportunity for detection through the exercise of reasonable diligence. Thus, Defendant's timing argument was not a departure from its earlier argument, but a necessary and proper rebuttal to Plaintiff's position.

### III.  CONCLUSION

For the foregoing reasons, and those set forth in Defendant's Motion for Reconsideration, Defendant respectfully requests that the Court reconsider its prior Order and grant summary judgment in favor of Defendant on Plaintiff's premises liability claim.

Respectfully submitted, this 27th day of May, 2025.

<div style="text-align:right">

**DREW ECKL & FARNHAM, LLP**

*/s/ Katherine I. Barton*
Michael L. Miller
Georgia Bar No. 508011
Katherine I. Barton
Georgia Bar No. 882335
*Attorneys for Sam's East, Inc.*

</div>

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
bartonk@deflaw.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ARGELIA SOLITO,           ) <br> ) <br> Plaintiff,      ) <br> v.                                      )   Case 1:23-cv-03438-MLB <br> ) <br> SAM'S EAST, INC., JOHN DOE 1-  ) <br> 2, ABC CORP., and XYZ CORP.,   ) <br> ) <br> Defendants.    ) | |

## CERTIFICATE OF SERVICE

Today I served a copy of *Defendant Sam's East, Inc.'s Reply Brief in Support of its Motion for Reconsideration* upon all parties to this matter by filing with the Court's CM/ECF system, which will automatically e-mail notification of same to the following counsel of record:

Adam J. Klein, Esq.
Hung Q. Nguyen, Esq.
HQ Alex Nguyen Law Firm LLC
5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
litigation@770goodlaw.com
*Attorneys for Plaintiff*

I further certify that the foregoing has been prepared with Times New Roman, 14-point font, in compliance with L.R. 5.1(C).

This 27th day of May, 2025.

                            **DREW ECKL & FARNHAM, LLP**

                            */s/Katherine I. Barton*
                            Katherine I. Barton
                            Georgia Bar No. 882335
                            *Attorneys for Sam's East, Inc.*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
bartonk@deflaw.com

15192972/1
05695-260504